■ In the Matter of QAMAR H. MEHDI, Petitioner, v BOARD OF MANAGERS OF JONES MEMORIAL HOSPITAL et al., Respondents.—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In a proceeding transferred to this court pursuant to CPLR 7804 (g), petitioner, who was employed by contract as chief anesthesiologist at Jones Memorial Hospital, was suspended from her position following a hearing upon charges (1) that she directed Caesarean section surgery to proceed upon a patient "without first establishing an airway" in the patient; and (2) that she failed "to respond to [the patient's] persisting hypoxemia and to effectively reverse this condition". Although the surgery resulted in the birth of an apparently normal baby, one week later the patient mother was declared brain dead.

Upon the hearing, an ad hoc committee of three physicians

made six enumerated findings of petitioner's misfeasance or nonfeasance, and concluded that both charges were supported by the evidence. On review, the hospital's medical board found that the first two enumerated findings were without adequate support in the record and concluded that the first charge was thus inappropriate. The medical board also found, however, that the record fully supported the second charge. The medical board recommended that petitioner's previously imposed suspension be continued but that the suspension be terminated upon satisfaction of the following conditions:

"1. That Dr. Mehdi present documented evidence of at least six months' additional training in an approved anesthesia program, residency or fellowship, with special emphasis on an experience with difficult cases.

"2. The furnishing of at least three favorable letters of recommendation from the faculty of that program.

"3. That Dr. Mehdi becomes Board Certified in Anesthesiology.

"4. That the completion of the foregoing be reviewed, confirmed and accepted by the credentials committee of the Medical Board and by the Medical Staff."

On March 13, 1984, the hospital's board of managers approved the recommendations of the medical board.

We note initially that the hearing before the ad hoc committee was required by the hospital medical staff bylaws, and not "pursuant to direction by law" within the meaning of that phrase as contained in CPLR 7803 (4) (see, Matter of Colton v Berman, 21 NY2d 322, 329). There was thus lacking an essential predicate for Special Term's order transferring the proceeding to this court (see, Matter of City of Rome v New York State Health Dept., 65 AD2d 220, lv denied 46 NY2d 713). The questions of whether the determination was arbitrary and capricious or an abuse of discretion, and whether the penalty imposed was an abuse of discretion (see, CPLR 7803 [3]), should have been resolved in the first instance by Special Term (CPLR 7804 [g]).

There is no need, however, to remit the proceeding. "Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard" (Matter of Pell v Board of Educ., 34 NY2d 222, 231). Here, the rational basis for the determination by the hospital's board of managers is clearly established in the record, and the penalty imposed was neither an abuse of discretion nor shocking to one's sense of fairness. (Article 78 proceeding transferred by

order of Supreme Court, Erie County, Mintz, J.) Present—Dillon, P. J., Callahan, Doerr, Denman and Pine, JJ.