■ In the Matter of SAMUEL SHATKIN, Petitioner, v BUFFALO GENERAL HOSPITAL et al., Respondents.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge a determination of respondent Hospital to revoke his staff privileges. The proceeding was improperly transferred to this Court by Supreme Court because the hearing afforded petitioner was not pursuant to direction by law within the meaning of CPLR 7803 (4) *(see, Matter of Mehdi v Board of Managers,* 116 AD2d 1024, 1025; *Matter of City of Rome v New York State Health Dept.,* 65 AD2d 220, 224, *lv denied* 46 NY2d 713). However, there is no need to remit the proceeding; we are able to review whether the determination was arbitrary, capricious, or an abuse of discretion *(Matter of Mehdi v Board of Managers, supra,* at 1025).

We reject respondents' argument that petitioner is not entitled to challenge the revocation of his staff privileges on the ground that the Hospital failed to comply with its own By-Laws *(see, Matter of Murphy v St. Agnes Hosp.,* 107 AD2d 685, 687-689). We conclude, however, that the Hospital did comply with its By-Laws and further conclude that the determination to revoke petitioner's staff privileges was not arbitrary, capricious, or an abuse of discretion. (Article 78 Proceeding Transferred by Order of Supreme Court, Erie County, Doyle, J.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. POPE, SR., Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly accepted defendant's plea of guilty of attempted assault in the second degree. Contrary to defendant's contention, defendant, during the plea colloquy, did not recite facts which cast doubt upon his guilt. The facts recited did not provide justification for defendant's intentional infliction of serious physical injury upon the victim.

Defendant further contends that his sentence must be vacated because the court failed to order a current presentence report. We are precluded from reviewing that contention because defendant has failed to provide us with a record containing the facts bearing on the issue. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Attempted Assault, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.