■ In the Matter of RALPH LEVY, Respondent, v. HUNTINGTON HOSPITAL, Appellant. In the Matter of MELVIN FRITZ, Respondent, v. HUNTINGTON HOSPITAL, Appellant.— In two proceedings pursuant to article 78 of the CPLR to compel appointment of the two petitioners to the medical staff of the appel-

lant, Huntington Hospital, the appeals are from two separate orders of the Supreme Court, Suffolk County, one in each proceeding, both entered October 4, 1973, which denied appellant's motions to dismiss the petitions *inter alia* for failure of petitioners to exhaust their administrative remedies. Leave to prosecute the appeals is hereby granted (see CPLR 5701, subd. [b], par. 1; CPLR 5701, subd. [c]). Orders reversed, on the law, without costs, and appellant's motions granted, with leave to petitioners to bring new proceedings as hereinafter mentioned. These proceedings were prematurely brought, in view of the fact that by letter of June 1, 1973 appellant was directed by the Public Health Council of the State of New York to review its actions in denying staff membership to petitioners. On June 26, 1973 appellant was served with the notices of petition in these article 78 proceedings, at which time appellant had not yet completed the reviews so directed. An article 78 proceeding may not be brought to challenge a determination where the body making the determination is, as herein, authorized by subdivision 3 of section 2801-b of the Public Health Law, empowered to review its determination and such review has not yet been completed. We do not reach any other question. We have been informed by letter dated June 26, 1974 that appellant has (in June) completed its review and has adhered to its prior determination. The basis for such final determination may be reviewed in the new proceedings which petitioners may institute. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.