PIERRE GUIBOR, Respondent, v MANHATTAN EYE, EAR AND THROAT HOSPITAL, INC. et al., Appellants.

First Department, March 24, 1977

*Joseph P. Giasi, Jr.,* of counsel *(Don Allen Resnikoff* and *Alexander L. Caccia* with him on the brief; *Turk, Marsh, Kelly & Hoare,* attorneys), for appellants.

*Dudley Gaffin* for respondent.

BIRNS, J. In the underlying action, plaintiff-respondent (Pierre Guibor) seeks affirmative injunctive relief to require defendants-appellants (The Manhattan Eye, Ear and Throat Hospital, Inc. and the Executive Committee of its Board of Surgeon Directors) to reappoint him as an assistant attending surgeon on the medical staff of said hospital (referred to as "MEETH").

Defendants appeal from two orders of the Supreme Court, New York County (TIERNEY, J.), entered October 13, 1976. One order (hereinafter referred to as the first order of October 13, 1976) granted defendants' motion for protective relief, but solely to the extent that the furnishing of all depositions in this action shall be had only at Special Term, Part II, and then only when the court is in session. The other order (hereinafter referred to as the second order of October 13, 1976) denied defendants' motion for leave to renew their previous cross motion to dismiss the complaint which motion had been denied by order of Justice TIERNEY entered May 20, 1976. This court, by order entered December 14, 1976, denied defendants-appellants' motion for a stay of disclosure pending determination of this appeal and also denied plaintiff-respondent's cross motion to dismiss defendants' appeal from the second order of October 13, 1976.

Before considering the merits, we face plaintiff's renewed application to dismiss the appeal from the second order of October 13, 1976. Plaintiff attempts to demonstrate that said order, in substance, denied reargument of the order entered May 20, 1976. This court previously refused to dismiss the appeal on that ground (Motion No. 3660, December 14, 1976), and no leave to renew the application to dismiss the appeal was granted on argument. Therefore, we do not consider plaintiff's application on that ground.

Nonetheless, we are not barred by this court's prior order

from considering, on a different basis, the question of dismissal of the appeal. It appears that defendants' original motion to dismiss the action was addressed to the sufficiency of the original complaint.[1] On the very date of submission of the motion, however, plaintiff served and handed up to the court his amended complaint.[2] The order denying the original motion, entered May 20, 1976, which also denied a temporary injunction, recited the amended complaint even though defendants' motion to dismiss had not been addressed to that pleading and movants made no effort to supplement their notice of motion. Then, on August 27, 1976, defendants sought renewal of their motion to dismiss, eventuating in the second order of October 13, 1976. The renewal motion referred to plaintiff's allegations in the amended complaint, notwithstanding that the motion which defendants sought to renew had been addressed to the original complaint.

Generally, when a pleading is amended an appeal from an order on a motion addressed to the sufficiency of the original pleading will be dismissed as academic (*Langer v Garay*, 30 AD2d 942; *Miglietta v Kennecott Copper Corp.*, 22 AD2d 874; *Byrne v Osias*, 13 AD2d 478). In those situations, however, the amended pleading is not before the court. (See, for example, *Gilchrest House v Guaranteed Tit. & Mgt. Co.*, 276 App Div 778; *Mannaberg v Culbertson*, 262 App Div 1013; *Millard v Delaware, Lackawanna & Western R.R. Co.*, 204 App Div 80, 82.)

In the case ar bar, by contrast, it is only the amended complaint that is before us. Furthermore, the parties do not dispute the fact that both pleadings are virtually identical save for the nonfactual allegations in the amended complaint referring to the Public Health Law. Neither has plaintiff raised the objection that the appeal is moot as a result of the service of his amended complaint. Under the circumstances, the parties have charted their own, somewhat peculiar, procedural course creating the basis on which their dispute will be resolved (*Cullen v Naples*, 31 NY2d 818, 820; *Stevenson v News Syndicate Co.*, 302 NY 81, 87; *Reilly v Insurance Co. of North Amer.*, 32 AD2d 918). We hold, therefore, that the appeal is not moot merely by virtue of plaintiff's service, on

---

1. That pleading does not appear in the record before us.

2. We are told that the amended pleading merely added a paragraph to allege violations of sections 2801-b and 2801-c of the Public Health Law, and was otherwise identical to the original complaint. Apparently no new or different *facts* were pleaded.

the return date of defendants' original motion to dismiss the first complaint, of a substantially identical amended complaint where, in addition, the parties have addressed themselves to the sufficiency of the amended pleading both here and at Special Term; the record contains only the latter pleading; and the original order to which renewal was addressed recited the court's consideration of the amended pleading.

We now consider defendants' challenge to the sufficiency of the amended complaint.

Dr. Guibor is a physician and surgeon whose specialty is opthamology and oculoplastic surgery and who is licensed in the State of New York. Defendant Hospital (MEETH) is a private voluntary hospital organized and existing under chapter 584 of the Laws of 1869 as amended and is governed by a board of directors composed of lay persons. The individual defendants-appellants are members of the hospital's board of surgeon directors and constitute the executive committee of said board which, *inter alia,* is charged with the duty of making annual recommendations concerning candidates for appointment or reappointment to the Hospital's medical staff.

On or about May 1, 1971, Dr. Guibor was appointed and agreed to serve as a member of the medical-dental staff of the hospital in the capacity of assistant attending surgeon, subject to annual reconsideration by the board of directors. Thereafter, plaintiff obtained successive annual appointments to the hospital's staff, the last of which expired on April 26, 1976.

At a March 8, 1976 meeting of the board of surgeon directors, it was voted not to recommend Dr. Guibor for reappointment to the hospital staff.

By letters dated April 5, 1976 and April 15, 1976, Dr. Guibor was advised of the board's decision not to recommend reappointment and his right to be heard before the executive committee of the board of surgeon directors and the joint conference committee prior to a final decision of the governing body of the hospital. The second letter (pursuant to new by-laws) contained the following charges involving: "matters pertaining to your competency and deportment in discharging the policies of the Hospital with respect to patient care and welfare, based, *inter alia,* on a review of the Hospital records of operations conducted by you and your failure to notify the Hospital that you have successfully passed specialty board examinations."

On April 20, 1976, Dr. Guibor appeared before the executive

committee with counsel. No specific charges were made nor were witnesses produced. The committee maintained its position that Dr. Guibor should not be reappointed. Plaintiff did not, at that time, seek to be heard by the joint conference committee.

By order to show cause dated April 26, 1976 plaintiff moved for a preliminary injunction enjoining defendants from interfering with his rights as an assistant attending surgeon at the hospital. By notice of motion dated April 30, 1976 all defendants cross-moved to dismiss the complaint.

At no time did plaintiff file a complaint with the Public Health Council.

Contrary to plaintiff's assertion in paragraph 15 of the amended complaint that "[t]he defendants have committed an improper practice under Section 2801-b in that they have excluded the plaintiff from staff membership in MEETH without stating the reasons therefore *[sic]*" the hospital has complied with the provisions of that section.

The contents of the letter of April 15, 1976, attached to the complaint, completely nullifies plaintiff's assertion. The letter, in conformance with the provisions of subdivision 1 of section 2801-b of the Public Health Law states the reasons for not reappointing plaintiff to the staff. Those reasons, relating to standards of patient care, patient welfare and competency of plaintiff, fall within the framework of said subdivision 1 of that section.

Furthermore, plaintiff cannot at this time assert a cause of action against the hospital, as he failed to exhaust the administrative remedies provided under subdivisions 2 and 3 of that section prior to instituting this action.

Subdivision 2 of said section 2801-b provides that anyone claiming to be aggrieved by an improper practice specified in that section may file a complaint with the Public Health Council setting forth the particulars thereof. Thereupon, under subdivision 3 of that section the Public Health Council is mandated to investigate the complaint and if it determines cause exists for crediting the allegations, corrective action is to be sought in the manner set forth therein.

Although a complaint against a hospital predicated upon fraud or bad faith as a reason for termination of hospital privileges may survive a motion to dismiss (*Matter of Shiffman v Manhattan Eye, Ear & Throat Hosp.,* 35 AD2d 709)

without regard to the procedures set forth in subdivisions 2 and 3 of section 2801-b of the Public Health Law and may provide a basis for injunctive relief under subdivision 3 of that section (cf. *Matter of Fritz v Huntington Hosp.*, 39 NY2d 339), no facts suggesting fraud or bad faith are alleged in the complaint at bar. Certainly, such requirement is not met by a mere allegation that "the failure to reappoint the plaintiff is based solely upon the arbitrary, capricious and oppressive acts of the defendants herein and is without justification or merit."

As the Court of Appeals has stated recently, "The statute [section 2801-b of the Public Health Law] does not * * * authorize plenary judicial review of every exclusion of a physician. Consequently, judicial review may assure only that the exclusion was made in good faith and on objectively reasonable grounds." *(Fried v Straussman,* 41 NY2d 376, 377-378.)

Therefore, in the circumstances here, until plaintiff has filed a complaint with the Public Health Council and the procedures hereinabove set forth are completed, plaintiff's pleading is premature *(Matter of Levy v Huntington Hosp., Matter of Fritz v Huntington Hosp.,* 45 AD2d 848).

Moreover, there is no basis in the complaint as pleaded to assert a claim against any or all of the individual members of the hospital board as distinguished from the hospital itself, in the absence of an allegation of malice, fraud or bad faith by a board member.

Accordingly, the second order of October 13, 1976, denying renewal of the cross motion dismissing the complaint, should be reversed on the law and the motion dismissing the complaint for insufficiency should be granted, without costs.

The dismissal of the complaint is with leave to renew in accordance with this opinion when the administrative remedies are exhausted.

In view of this opinion, the appeal from the first order of October 13, 1976, relating to protective relief, should be dismissed as academic, without costs.

STEVENS, P. J., SILVERMAN and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on October 13, 1976, denying the motion for leave to renew defendants' cross motion to dismiss the complaint, unanimously reversed, on the law, without costs and without disburse-

ments, and the motion to dismiss the complaint for insufficiency granted. Dismissal of the complaint is with leave to renew in accordance with the opinion filed herein when the administrative remedies are exhausted.

Appeal from the order of said court, entered October 13, 1976, relating to protective relief, is unanimously dismised as academic, without costs and without disbursements.