OPINION OF THE COURT
 

 Memorandum.
 

 Order affirmed, with costs, on the opinion by Mr. Justice Harold Birns at the Appellate Division (56 AD2d 359).
 

 We believe, however, that some mention should be made of the requirement that physicians, who allege that they have been improperly denied their staff privileges at a private hospital, exhaust their administrative remedies before availing themselves of the judicial process.
 

 At common law, absent a contractual obligation to the contrary, a physician’s continued professional association with a private hospital was within the unfettered discretion of the hospital’s administrators. Denial of staff privileges, for whatever reason or for no reason at all, constituted no legal wrong.
 
 (Leider v Beth Israel Hosp. Assn.,
 
 11 NY2d 205, 208-209;
 
 Van Campen v Olean Gen. Hosp.,
 
 210 App Div 204, 209, affd 239 NY 615.)
 

 As this court has noted, this seemingly harsh common-law rule has only been recently tempered by the Legislature’s enactment of section 2801-b of the Public Health Law. "No longer may a physician be denied professional privileges arbitrarily * * * Reasons must be given for any termination, and those reasons must relate to legitimate concerns of the hospital or nursing home: patient care, patient welfare, objectives of the institution, or competency of the physician.”
 
 (Fried v Straussman,
 
 41 NY2d 376, 380;
 
 Matter of Fritz v Huntington Hosp.,
 
 39 NY2d 339, 348; Public Health Law, § 2801-b, subd 1.)
 

 Subdivision 2 of section 2801-b of the Public Health Law provides the allegedly aggrieved physician with a procedural avenue through which he can present his claim of a wrongful denial of professional privileges to the Public Health Council. The council is directed to make a prompt investigation of the matter, and is empowered to receive reports from the govern
 
 *738
 
 ing body of the hospital and the complainant in assessing the allegations set forth in the complaint. (Public Health Law, § 2801-b, subd 3.) If the council finds cause to credit these claims, it must direct the appropriate body of the hospital to review its actions in denying the complainant professional privileges.
 

 It appears all too obvious that when the Legislature has afforded physicians greater rights than those known at common law to establish or retain professional ties with hospitals, a physician is obligated to present his claim of an improper practice, in the first instance, to the administrative body charged with the protection of these statutory rights. The Public Health Council, established to consider matters relating to the preservation and improvement of public health, possesses the necessary expertise to evaluate a physician’s claim. While the council’s power to grant remedial relief may be limited to directing an offending hospital to reconsider its earlier actions, we note that "[i]n any action for injunction brought pursuant to [Public Health Law, art 28], any finding of the public health council * * * shall be prima facie evidence of the fact or facts found therein.” (§ 2801-c.)
 

 Subdivision 4 of section 2801-b of the Public Health Law does not dictate a different result. The requirement that a physician first present his claim of an improper practice by the governing body of a hospital in violation of subdivision 1 of that section to the Public Health Council simply does not impair or affect any other right or remedy the physician may have. It merely assures prompt investigation by the administrative body best able to assess the respective interests of the parties involved.
 

 Nor is our decision in
 
 Fried v Straussman
 
 (41 NY2d 376,
 
 supra)
 
 to the contrary. In
 
 Fried,
 
 our holding was limited to defining the appropriate scope of judicial review in cases concerning the exclusion of a physician. The issue of whether the allegedly aggrieved physicians must first invoke the jurisdiction of the Public Health Council had never been raised by the parties or reached by the court, before or after the trial, as it must have been at least by affirmative pleading.
 

 For the above-mentioned reasons, we now conclude that the Appellate Division properly determined appellant’s complaint to be premature.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones,
 
 *739
 
 Wachtler and Cooke concur; Judge Fuchsberg taking no part.
 

 Order affirmed, with costs, in a memorandum.