Jones, J.
(dissenting). I cannot agree with today’s holding that the determination by the Public Health Council — that the hospital, in changing the staff ranks of Drs. Yates and Schwartz from "active” to "courtesy”, diminished their professional privileges without giving reasons permitted by subdivision 1 of section 2801-b of the Public Health Law — was not a final determination within the meaning of CPLR 7801 (subd 1). I would therefore deny the motion to dismiss and remit the case to Supreme Court for further proceedings on the petition.
The majority’s conclusion rests on the premise that the council’s determination was, in the words of the Appellate Division whose order is being affirmed, "a preliminary, nonfinal step to be taken prior to [the physicians’] seeking remedial relief by means of an injunction action [pursuant to Public Health Law, § 2801-c]” (64 AD2d 737, 738). That the determination — or, more precisely, the filing of the complaint which activated the process that culminated in the determination— was a prerequisite to an application for injunctive relief in the judicial forum, there is no doubt (Guibor v Manhattan Eye, Ear & Throat Hosp., 56 AD2d 359, affd 46 NY2d 736); it does not follow, however, that that requirement, applicable to the *592 physicians, destroys the finality of the determination, which represented the ultimate disposition made, and which might be made, in the proceeding that had been instituted before the Public Health Council.
When the council, after receiving the complaint filed on behalf of Drs. Yates and Schwartz, had conducted its investigation, concluded that there had been an improper practice committed by Cohoes Memorial Hospital, and so advised the governing body of the hospital, directing that that body review the action taken with respect to the professional privileges of the named physicians, the council had exhausted the authority conferred on it by subdivision 3 of section 2801-b of the Public Health Law and thus had brought to a close the proceeding which had been pending before it. What remained to be done was only action by the hospital — the re-examination of the change of staff rank of the physicians; nothing further was to be or could be done by the council.
The fact that the relief available from and granted by the council did not produce the restoration of former staff status desired by the physicians, perhaps by reason of the failure of the hospital’s governing body to comply with the council’s directive, as a consequence of which the doctors saw fit to petition Supreme Court for injunctive relief, simply reflects the limited extent of the council’s authority and the inadequacy of the proceeding before that body as a means for securing restoration of status. The purpose that the administrative proceeding was to serve — an appraisal of a hospital’s claimed improper practice in an informal, confidential setting by a professionally qualified body with the prospect of a direction for re-examination by the hospital itself — was fully accomplished, and the proceeding before the council terminated exactly in one of the ways contemplated by the statute. That further action was necessary to secure a mandate of restoration (if the physicians should be successful in their litigation pursuant to Public Health Law, § 2801-c), and that the authority for such further action is to be found in an adjoining statutory section, does not destroy the discrete and self-contained nature of the administrative proceeding authorized by subdivisions 2 and 3 of section 2801-b of the Public Health Law;[1] nor does it detract from the eligibility of the *593 council’s pronouncement and directive as a final determination for judicial review through this article 78 proceeding.
While not necessary to the resolution of the question of the finality of the Public Health Council’s determination that the hospital had been guilty of an improper practice, the substantial aggrievement to the hospital in consequence of that determination cannot be overlooked. As a practical matter, the hospital has been publicly held to have been guilty of an improper practice by the citizens body officially charged with authority and responsibility for making such determinations— not an inconsiderable aggrievement in these days of the importance of public relations. Further, in the injunction action that the physicians have instituted in Supreme Court the finding by the council "shall be prima facie evidence of the fact or facts found therein” (Public Health Law, § 2801-c). By its determination which the hospital seeks to challenge in this article 78 proceeding the council has found that an improper practice was committed by the hospital. Although the ultimate issue of improper practice is one of the issues for resolution in the pending injunction action, the finding by the council will be accorded particular weight, and the burden of going forward and rebutting it will rest on the hospital (Matter of Fritz v Huntington Hosp., 39 NY2d 339, 347). The hospital’s recourse to the present proceeding is recourse to a vehicle by which, in advance of shouldering that burden, it may have determined its claims that the finding by the council was in excess of authority and was arbitrary and capricious. Those questions — addressed to the council’s determination, which assumes a pre-eminent position in the injunction action — will not be the grist of the pending action under section 2801-c. To say that the council’s determination is not final for purposes of article 78 review because in the injunction action there will be litigation of the issue of improper practice is to blend together in a single proceeding the two, separate though related proceedings provided by sections 2801-b and 2801-c of the Public Health Law and to ignore the difference in ultimate remedies which the two offer and, *594 equally significant, the consequence in the injunction action of an adjudication in this article 78 proceeding with respect to the validity of the council’s finding of improper practice.
Additionally, it may be observed that, because the institution of an injunction action under section 2801-c is an option of the physician, an article 78 proceeding might be said to be the only device available to a hospital by which it may obtain review of a Public Health Council determination and direction issued under subdivisions 2 and 3 of section 2801-b. The cases cited by the Appellate Division are not dispositive of the present appeal and indeed only serve to highlight the distinction between the positions of a complaining physician and a hospital. Each of the authorities cited confirms the availability to a physician who believes he has been the object of an improper practice as defined in subdivision 1 of section 2801-b of the Public Health Law of access to the courts for effective restoration of professional privileges through an action under section 2801-c by which, if he succeeds, he will be able to accomplish a practical nullification of an adverse determination by the Public Health Council in those instances when such a determination had been rendered (Matter of Fritz v Huntington Hosp., 39 NY2d 339, supra; Matter of Moss v Albany Med. Center Hosp., 61 AD2d 545; Yates v Cohoes Mem. Hosp., 64 AD2d 726).[2] None treats the predicament of a hospital against which a council finding of improper practice has been made; under today’s decision such a hospital is foreclosed from judicial review of the propriety of such finding. Even if the physician exercises his option to invoke the judicial process, while the hospital will be able to resist the claim of improper practice, it will never be able to eradicate the unfavorable determination of the Public Health Council. Moreover, if the physician does repair to the courts, the hospital will be confronted with the council’s determination as prima facie evidence of the facts found therein, bereft of a prior opportunity to challenge such determination and denied *595 the opportunity to defend the injunctive action without an initial handicap.
In the case before us the council’s finding of improper practice and its directive for reconsideration by the hospital’s governing body has finally terminated the proceeding instituted before it pursuant to section 2801-b of the Public Health Law and review of its determination by a special proceeding under article 78 is now appropriate. The existence of some other remedy to an aggrieved physician, provided by section 2801-c of the statute — which might or might not be resorted to —does not alter this result. I would therefore reverse the order of the Appellate Division dismissing the hospital’s article 78 proceeding.
Judges Wachtler, Fuchsberg and Meyer concur with Judge Jasen; Judge Jones dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Gabrielli concur.
Order affirmed.
*0 L

. That this proceeding is discrete is underscored by the fact that the proceedings authorized by sections 2801-b and 2801-c of the Public Health Law did not come into the statute at the same time. Section 2801-b, providing the procedure for filing a *593 complaint of improper practice before the Public Health Council, was enacted by chapter 284 of the Laws of 1972, whereas the injunctive remedy provided by section 2801-c for violations of any provision of article 28 of the statute had been in existence since adoption of chapter 617 of the Laws of 1970. When the council procedure was enacted in 1972 as section 2801-b, the injunctive remedy section, which had theretofore been numbered 2801-b, was renumbered section 2801-c.

. Nothing stated above should be read as suggesting that, insofar as the physician is concerned, a determination by the Public Health Council adverse to him would not likewise be final. The special statutory proceeding before the council would similarly have been concluded.
Additionally, he, too, would be aggrieved thereby and should be afforded an opportunity to challenge such a determination by the council. He should not be required in an injunctive action to shoulder the burden of overcoming the prima facie effect of the council’s rejection of that claim without a prior, or indeed any, opportunity for judicial review of its action.