■ MARTHA KAPLAN, Rèspondent, v DOUGLAS KAPLAN, Appellant. — In a matrimonial action, defendant appeals from so much of a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated January 22, 1981, as, upon dismissing the complaint, directed the sale of the marital premises. Judgment reversed, insofar as appealed from, on the law, without costs or disbursements, and the direction that the premises be sold is deleted from the judgment (see *Kahn v Kahn,* 43 NY2d 203). Damiani, J. P., Lazer, Mangano and Gulotta, JJ., concur.

■ L & W SUPPLY CORPORATION et al., Respondents, v JOHN YANUKLIS et al., Appellants, et al., Defendant. — In an action, *inter alia,* for injunctive relief and money damages, the appeal is from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated November 30, 1981, as (1) deemed plaintiffs' motion dated August 18, 1981 to relate to the counterclaims in the amended answers and struck the counterclaims in the amended answers, (2) denied that branch of appellants' motion that claims which have been dismissed and discontinued be severed, and judgment be entered thereon, and that plaintiffs serve an amended complaint separately stating and numbering their remaining claims, and (3) denied an adjournment of examinations before trial until after service of an amended complaint. Order modified, on the law, by deleting from the first and second decretal paragraphs any reference to the counterclaims set forth in the amended answers of defendant Strober and of defendants Yanuklis, Keefe, King, Guerin and Brower, without prejudice to plaintiffs moving to dismiss such counterclaims. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. The examinations shall proceed at the place designated in the order under review, at a time to be fixed in a written notice of not less than 10 days, to be given by plaintiffs, or at such other time and place as the parties may agree. The counterclaims set forth in the amended answers of the above-stated defendants were neither properly before Special Term, nor before this court upon this appeal, and, accordingly, it was error for Special Term to dismiss them. (See *Guibor v Manhattan Eye, Ear & Throat Hosp.,* 56 AD2d 359, 361-362, affd 46 NY2d 736.) Damiani, J. P., Titone, Gulotta and Bracken, JJ., concur.