■ THOMAS J. PALMIERI, Respondent, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER, Appellant. — In an action pursuant to section 2801-c of the Public Health Law, to enjoin defendant

from diminishing plaintiff's professional privileges at its facility, defendant appeals from so much of an order of the Supreme Court, Nassau County (Morrison, J.), entered May 19, 1983, as denied its cross motion for summary judgment.

Order affirmed insofar as appealed from, with costs.

Although the Public Health Council declined to exercise jurisdiction over plaintiff's complaint, nevertheless, a question of fact remains as to whether defendant's decision to treat plaintiff differently from other general surgeons for purposes of scheduling operating room time constitutes a diminution of his professional privileges for reasons unrelated to standards of patient care, patient welfare, the objectives of the institution or his character or competency, in violation of section 2801-b of the Public Health Law. Gibbons, J. P., Brown and Niehoff, JJ., concur.

Boyers, J., dissents and votes to reverse the order insofar as appealed from, and grant defendant's cross motion and dismiss the complaint, with the following memorandum: I disagree with my learned colleagues that there is a question of fact regarding plaintiff's entitlement to injunctive relief, and vote to reverse.

The theory of plaintiff's complaint is that the imposition of a new operating room schedule for the operating room facilities located on the main campus of the Long Island Jewish-Hillside Medical Center at New Hyde Park limits plaintiff's operating room time to six hours on Tuesday of each week, and, as such, constitutes an improper practice within the meaning of section 2801-b of the Public Health Law.

Plaintiff, as admitted in his papers, although a board certified general surgeon, has voluntarily chosen to limit his practice to hand surgery. He does not claim that he has been prevented from performing any specific procedures in his specialty of hand surgery, but, rather, contends that the "arbitrary placement of plaintiff's Hand Surgery in a separate classification for the allocation of operating room time" diminished his professional privileges within the meaning of section 2801-b of the Public Health Law.

Section 2801-b of the Public Health Law, insofar as pertinent, provides:

"1. It shall be an improper practice for the governing body of a hospital to refuse to act upon an application for staff membership * * * or diminish in any way a physician's * * * professional privileges in a hospital, without stating the reasons therefor, or if the reasons stated are unrelated to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant".

Pursuant to subdivision 2 of section 2801-b of the Public Health Law, a physician is obligated to present his claim of an improper practice, in the first instance, to the administrative body charged with the protection of these statutory rights. "The Public Health Council, established to consider matters relating to the preservation and improvement of public health, possesses the necessary expertise to evaluate a physician's claim" (*Guibor v Manhattan Eye, Ear & Throat Hosp.*, 46 NY2d 736, 738).

In accordance with section 2801-b of the Public Health Law, plaintiff filed a complaint with the Public Health Council prior to the commencement of this action. The council, in a letter from Julia L. Freitag, director of the division of health manpower, responded as follows:

"More recently, the Public Health Council determined that professional privileges as applied for, delineated, and granted by the governing body of the hospital do not include the allocation or assignment of time or frequency of utilization of a hospital's resources in the exercise of professional privileges, and, therefore, a complaint involving such matters is not within the jurisdiction conferred by section 2801-b of the Public Health Law".

Special Term, in considering the effect of this letter from the Public Health Council, concluded "that interpretation does not bind this Court". In so finding, Special Term disregarded section 2801-c of the Public Health Law, which provides that the finding of the Public Health Council shall be "prima facie evidence of the fact or facts found therein".

The theory of plaintiff's complaint appears to be that the imposition of a new operating room schedule ("block time booking system") for the facilities located on the main campus of the Long Island Jewish-Hillside Medical Center which limits the time for plaintiff to practice his specialty of hand surgery in some way constitutes the diminution of plaintiff's professional privileges within the purview of section 2801-b of the Public Health Law. That claim, however, is inconsistent with the governing principle, recognized by the Public Health Council, that plaintiff's privileges, and those of all other staff surgeons, do not provide a guaranteed utilization factor, but merely certify that plaintiff is competent to use the operating room and other facilities of the hospital. In this regard, the defendant medical center alleges that the "block time booking system" for operating schedules was specifically designed to correct imbalances in the utilization of main campus operating room time with "a view towards the preservation of the integrity of the surgical residency programs".

The medical staff by-laws of the Long Island Jewish-Hillside Medical Center, which all staff physicians, including plaintiff, agree to abide by upon appointment to the staff, define medical staff privileges as follows: "CLINICAL PRIVILEGES or PRIVILEGES means the permission granted to a practitioner to render specific diagnostic, therapeutic, medical, dental or surgical services".

The operating room schedule to which plaintiff directs his complaint applies only to the medical center's main campus in New Hyde Park. However, plaintiff, together with all other staff members with surgical privileges, is allowed complete access, unrestricted by time, to the operating room facilities at the Long Island Jewish-Hillside Medical Center's Manhasset division. Although plaintiff does not refute that he has unrestricted access to the operating room facilities at the medical center's Manhasset division, he claims that his practice has suffered because "no pediatric surgey [sic] or other complex surgery can be performed by me at the Manhasset facilities". Plaintiff, however, does not present any evidence documenting or supporting this contention. Moreover, as to his reduction of income claim, the United States Court of Appeals for the Eighth Circuit defined staff privileges as follows:

"[S]taff privileges serve to delimit a doctor's authority to practice in the hospital based upon the doctor's overall competence in his particular field(s) of practice. Staff privileges do not establish an employment contract with the hospital. Nor do they guarantee a doctor that his authorized practice in the hospital will have a particular economic value" (*Englestad v Virgina Municipal Hosp.*, 718 F2d 262, 267).

Based upon the afore-mentioned reasons, I conclude that plaintiff has neither presented any evidence to refute the Public Health Council's conclusion that the complaint herein is not within the jurisdiction conferred by section 2801-b of the Public Health Law nor raised a factual issue with respect to his claim for injunctive relief.

Accordingly, the order of Special Term should be reversed insofar as appealed from, defendant's cross motion for summary judgment granted, and the complaint dismissed.