OPINION OF THE COURT
Howard E. Levitt, J.
Motion by plaintiff for a preliminary injunction is denied as moot.
Cross motion by defendant for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint on the ground that it fails to state a cause of action is granted.
This is an action for various injunctive relief and money damages brought by a physician whose staff privileges at St. Francis Hospital have been restricted. Counsel for the plaintiff states, in his affirmation dated October 27, 1989, that the plaintiff’s request for temporary injunctive relief and his first cause of action concern the plaintiff’s application for reinstatement to full privileges made in June of 1989, not the prior proceedings which resulted in the restriction of his privileges. The plaintiff’s second, third and fourth causes of action purport to allege tort claims based upon the restriction of his staff privileges and the defendant’s failure to act upon his request for reinstatement to full privileges.
Initially, the court notes that the plaintiff served an amended complaint after the defendant made its cross motion. Since the parties have apparently agreed that the amended complaint should be treated as the subject of the cross motion, the court has considered the cross motion as addressed to the amended complaint.
Turning to the merits, the court holds that the plaintiff’s motion and his first cause of action are premature because the plaintiff has failed to exhaust his administrative remedies. Although both the plaintiff’s application and his first cause of action allege that the defendant has not acted upon the plaintiff’s June 1989 request for reinstatement to full staff privileges, it is now undisputed that the defendant denied the plaintiff’s request and notified the plaintiff of same by letter dated October 10,1989. Furthermore, it is undisputed that the plaintiff, by letter dated October 23, 1989, has requested that the defendant appoint an "Ad Hoc Committee” to hear his request for reinstatement to full staff privileges as is his right under the bylaws of the defendant. Thus, the plaintiff is *968 pursuing his administrative remedy simultaneously with this action.
More importantly, the plaintiff has failed to present his claim to the Public Health Council of the State of New York pursuant to section 2801-b of the Public Health Law. Consequently, the plaintiff may not bring an injunction action pursuant to section 2801-c of the Public Health Law. (See, Guibor v Manhattan Eye, Ear & Throat Hosp., 46 NY2d 736, 738.) The plaintiff’s only recourse to the courts to obtain reinstatement to full staff privileges is the injunction action created by section 2801-c. (See, Matter of Fritz v Huntington Hosp., 39 NY2d 339, 344, 345.) "At common law, absent a contractual obligation to the contrary, a physician’s continued professional association with a private hospital [is] within the unfettered discretion of the hospital’s administrators” and the "[d]enial of staff privileges, for whatever reason or for no reason at all, constitute^] no legal wrong.” (Guibor v Manhattan Eye, Ear & Throat Hosp., supra, at 737; see also, Matter of Cohoes Hosp. v Health Dept., 48 NY2d 583, 587; Fried v Straussman, 41 NY2d 376, 377.) Thus, the plaintiff’s first cause of action does not state an actionable claim.
The lack of a remedy at common law necessarily rules out a claim for money damages based upon the restriction or termination of a physician’s staff privileges with a private hospital as well. Therefore, the plaintiff’s second, third and fourth causes of action do not state actionable claims either.
While the court agrees that section 2801-b of the Public Health Law does not preclude a separate civil action for negligence or intentional tort, the plaintiff’s amended complaint does not allege any such claims. The injury to the plaintiff results from the restriction of his staff privileges, not from the defendant’s failure to properly supervise Dr. Norman Thomson or from any other conduct. Since the restriction of the plaintiff’s staff privileges is not actionable (except for the injunction action authorized by section 2801-c of the Public Health Law), the defendant cannot be held liable for any kind of tort where the damages result from said restriction.
Additionally, the court agrees with the defendant that the alleged conduct of Dr. Norman Thomson and the defendant is subject to the qualified immunity granted by section 2805-j (2) of the Public Health Law. This qualified immunity defeats all of the plaintiff’s claims except those based upon bad faith or actual malice. The defendant’s cross motion is not being *969 treated as a summary judgment motion, however, because the CPLR 3211 (a) (7) application is dispositive and consequently there is no need for the plaintiff to marshall proof of bad faith or malice.
Accordingly, the plaintiffs amended complaint is dismissed.