■ SYED FAROOQ, Respondent, v MILLARD FILLMORE HOSPITAL, Appellant.—Order insofar as appealed from unanimously reversed on the law with costs, cross motion granted and complaint dismissed. Memorandum: Plaintiff, a physician, instituted this action alleging that defendant hospital wrongfully denied him staff privileges. He seeks damages and an injunction. Defendant appeals from that portion of an order that denied its cross motion to dismiss plaintiff's complaint for failure to state a cause of action.

An injunction action under Public Health Law § 2801-c is the exclusive remedy for an alleged violation of section 2801-b (1). As at common law, no cognizable claim for damages arises out of a hospital's wrongful denial of staff privileges to a physician *(see, Guibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736, 737; *see also, Matter of Cohoes Mem. Hosp. v Department of Health,* 48 NY2d 583, 587). Thus, plaintiff's damages claim must be dismissed for failure to state a cause of action *(see, Dolgin v Mercy Hosp.,* 127 AD2d 557; *Kolker v St. Francis Hosp.,* 145 Misc 2d 966, 968).

Additionally, plaintiff's injunction claim must be dismissed because of his failure to allege that he exhausted his administrative remedies. Before proceeding under Public Health Law § 2801-c, a physician is required to present his claim to the Public Health Council *(see, Guibor v Manhattan Eye, Ear & Throat Hosp., supra,* at 738, *affg* 56 AD2d 359, 363-364; *see also, Matter of Cohoes Mem. Hosp. v Department of Health, supra,* at 588). Because plaintiff has failed to do so, his injunction claim is premature, and defendant's cross motion to

dismiss must be granted *(see, Guibor v Manhattan Eye, Ear & Throat Hosp., supra).* (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Dismiss Complaint.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.