■ Jack M. Shapiro, Appellant, v Central General Hospi-

TAL, INC., et al., Respondents.—In an action, *inter alia,* to recover damages for the wrongful suspension of the plaintiff from professional hospital and surgical privileges at the defendant Central General Hospital, Inc., the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Roberto, J.), dated May 11, 1989, which denied his motion for a preliminary injunction restoring him to the Emergency Department Call Roster and directed an immediate trial limited to issue of whether Central General Hospital, Inc., has, without any basis in fact, removed the plaintiff from the Emergency Department Call Roster, and (2) a judgment of the same court, entered June 29, 1989, which, after a nonjury trial, denied the plaintiff's application to be restored to the Emergency Call Roster and, in effect, directed the plaintiff to exhaust his administrative remedies before seeking judicial relief.

Ordered that the appeal from the order is dismissed, without costs and disbursements; and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto granting the plaintiff an opportunity to request a hearing pursuant to Central General Hospital, Inc., by-laws §§ 9.1:3.2 and 9.2:2; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to request a hearing pursuant to Central General Hospital, Inc., by-laws §§ 9.1:3.2 and 9.2:2 is extended until 15 days after service upon him of a copy of this decision and order, with notice of entry.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

We find that the Supreme Court erred in concluding that a May 23, 1989, letter from Robert Bornstein, the Executive Director of the Hospital, provided the plaintiff with adequate notice that pursuant to the by-laws of Central General Hospital, Inc., he was entitled to a hearing or appellate review of his summary suspension from the hospital's Emergency Department Call Roster, and that he had to request an administrative hearing within 15 days of receipt of the letter *(see generally,* 67 NY Jur 2d, Injunctions, § 31, at 393; *After Six v 201 E. 66th St. Assocs.,* 87 AD2d 153, 155). Moreover, the May 23, 1989, letter did not meet the requirement of section 9.2:1

of the hospital's by-laws that the Chief Executive Officer must give *prompt written notice* of an adverse recommendation or decision to any affected practitioner who is entitled to a hearing or appellate review by certified mail, return receipt requested, and to advise him of his rights. In light of the late notification of suspension, we find that the plaintiff should not be precluded from requesting a hearing.

Since the plaintiff has administrative remedies available to him, the Supreme Court properly denied him a preliminary injunction on the basis of his failure to exhaust his administrative remedies *(see, Guibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736; *Matter of Capote v Our Lady of Mercy Med. Center,* 168 AD2d 238; *Matter of Libby,* 163 AD2d 388). Similarly, immediate reinstatement is not the appropriate remedy at this time *(cf., Matter of Murphy v St. Agnes Hosp.,* 107 AD2d 685). Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.