[626 NYS2d 894]

BERNARD GELBARD, Respondent, v GENESEE HOSPITAL, Appellant, et al., Defendant.

Fourth Department, April 28, 1995

## APPEARANCES OF COUNSEL

*Michael R. Wolford & Associates,* Rochester *(Michael R. Wolford* of counsel), for appellant.

*Woods, Oviatt, Gilman, Sturman & Clarke, L. L. P.,* Rochester *(Donald W. O'Brien, Jr.,* and *Andrea E. Tomaino* of counsel), for respondent.

*Mark Thomas,* Albany, for Healthcare Association of New York State, *amicus curiae.*

## OPINION OF THE COURT

LAWTON, J.

Plaintiff, an anesthesiologist, had full staff privileges at Genesee Hospital (defendant) from July 1989 to April 14, 1994. During the tenure of plaintiff, complaints were made concerning his billing practices, his disruption of operating room schedules and his violation of acceptable medical practice standards. A series of hearings held before ad hoc and review committees culminated in a Board of Governors' order terminating his staff privileges. Plaintiff commenced this action to enjoin defendant from rescinding his staff privileges. In an accompanying order to show cause, plaintiff sought a preliminary injunction enjoining defendant from terminating his staff privileges. Defendant cross-moved to dismiss the first cause of action on the ground that Supreme Court did not have subject matter jurisdiction because plaintiff had failed to exhaust his administrative remedies before the Public Health Council pursuant to Public Health Law § 2801-b. The court denied plaintiff's motion for a preliminary injunction, finding that plaintiff did not have a likelihood of success on the merits, that the equities did not weigh so heavily in plaintiff's favor that a preliminary injunction was warranted, and that plaintiff would not suffer irreparable harm to warrant a preliminary injunction. The court also denied defendant's cross motion to dismiss, holding that, because plaintiff alleged specific violations of defendant's bylaws, the complaint stated a viable cause of action for breach of contract, and thus Public Health Law § 2801-b did not require plaintiff to exhaust his administrative remedies before the Public Health Council prior to bringing suit.

The only issue on this appeal is whether the court erred in denying defendant's cross motion to dismiss. We have been aided in our deliberations by an *amicus curiae* brief filed by the Healthcare Association of New York State on behalf of its approximately 400 members (including over 200 hospitals). The Healthcare Association urges this Court to adopt the rule that, if a physician's hospital privileges have been curtailed or diminished, the provisions of Public Health Law § 2801-b attach. For reasons hereinafter set forth, we agree, but state the rule somewhat differently.

The law governing physicians' rights in cases involving the denial, termination or limitation of hospital privileges has had a long and troubling course over the years. Originally, physicians had no rights in this regard and, as could be expected, abuses occurred. To remedy those abuses, the Legislature enacted Public Health Law § 2801-b to insure that physicians were fairly treated. Subsequent legal actions have shown, however, that many physicians, believing that greater protection is afforded to them under hospital rules and bylaws, have attempted to avoid review under section 2801-b.

The core issue is whether section 2801-b is intended to be a one-way street for the protection of physicians or a two-way street for the protection of both physicians and the public. We believe it is the latter. In *Guibor v Manhattan Eye, Ear & Throat Hosp.* (46 NY2d 736, 738), the Court of Appeals, in discussing section 2801-b, stated: "It appears all too obvious that when the Legislature has afforded physicians greater rights than those known at common law to establish or retain professional ties with hospitals, a physician is obligated to present his claim of an improper practice, in the first instance, to the administrative body charged with the protection of these statutory rights. The Public Health Council, established to consider matters relating to the preservation and improvement of public health, possesses the necessary expertise to evaluate a physician's claim." The public has an overriding interest where questions of a physician's competency and/or ethics are involved in determining whether that physician should be permitted to practice in a hospital. The Public Health Council is best qualified to pass initially on those matters.

We agree with defendant that the court misphrased the issue to be "whether plaintiff has alleged a breach of contract (Bylaws) or an improper practice under Public Health Law

§ 2801-b. If he has alleged a breach of contract, then this Court has jurisdiction." In our view, the applicability of section 2801-b is principally determined by the relief sought, rather than the nature of the allegations in the complaint. Under section 2801-c, an injunction is the only remedy for a violation of section 2801-b. Any other contractual rights a physician may possess (e.g., a right to a fair hearing) that may support an award of damages are not within the jurisdiction of the Public Health Council. If an injunction is sought to restore a physician's hospital privileges, then a court is precluded from considering that issue until the issue has been determined by the Public Health Council under section 2801-b. While there is no authority directly to that effect, there is support for that rule in many cases addressing the issue.

*Johnson v Nyack Hosp.* (964 F2d 116, 121 [2d Cir 1992]) states the New York rule, as follows: "A physician who wants his privileges restored must first file a complaint with the New York Public Health Council ('PHC') prior to seeking redress in the courts [citation omitted]. A primary function of the PHC is to determine whether there is a medical justification for the withdrawal of the doctor's privileges. Thus, a court must dismiss any suit brought by a physician seeking reinstatement of his privileges if the physician has not exhausted his remedies before the PHC" *(accord, Guibor v Manhattan Eye, Ear & Throat Hosp., supra).*

New York courts have repeatedly dismissed actions brought by physicians who sought to have their medical staff privileges restored without first pursuing their administrative remedies before the Public Health Council *(see, Guibor v Manhattan Eye, Ear & Throat Hosp., supra; Shapiro v Central Gen. Hosp.,* 173 AD2d 601; *Farooq v Millard Fillmore Hosp.,* 172 AD2d 1063; *Matter of Capote v Our Lady of Mercy Med. Ctr.,* 168 AD2d 238; *Matter of Libby [Long Is. Jewish-Hillside Med. Ctr.],* 163 AD2d 388; *Mostafa v Fox Mem. Hosp.,* 159 AD2d 922, *lv dismissed* 76 NY2d 888; *El Sawah v Rochester St. Mary's Hosp. of Sisters of Charity,* 101 AD2d 694, *lv dismissed* 64 NY2d 605; *Kolker v St. Francis Hosp.,* 145 Misc 2d 966; *see also, Rockland Physician Assocs. v Grodin,* 616 F Supp 958, 960-961 [SD NY 1985] ["(S)ince plaintiffs seek an order which would permit them to practice, not one which would mandate a hearing, the court cannot characterize their claim as one which need not be presented to the Public Health Council"]).

Upon a closer review, the few cases that reach a contrary conclusion are for the most part distinguishable. Plaintiff

relies primarily upon *Matter of Murphy v St. Agnes Hosp.* (107 AD2d 685). In *Murphy* the Second Department held that, where the hospital stated its reasons for suspending the physician, the physician was justified in proceeding to court without pursuing his administrative remedies. *Murphy* is the only New York case where a physician's privileges were restored without first requiring the physician to seek relief pursuant to Public Health Law § 2801-b. The facts in *Murphy* are unusual. The review committee found that no justification existed for the physician's suspension, but the Board of Trustees nevertheless did not revoke the suspension. Because there were no factual issues for the Public Health Council to resolve, the Court granted the restoration of privileges without a referral. Insofar as the holding in that case may be read as contrary to our holding, we elect not to follow it.

In this case the court relied upon *Giannelli v St. Vincent's Hosp. & Med. Ctr.* (160 AD2d 227) and this Court's decision in *Matter of Shatkin v Buffalo Gen. Hosp.* (178 AD2d 934). *Giannelli* is not applicable because the physician was seeking only money damages for, *inter alia,* breach of contract, and not injunctive relief. In *Shatkin,* the issues were whether the medical staff bylaws constituted a contract between the physician and the hospital and whether the hospital complied with them. The issue whether a physician is first required to pursue relief from the Public Health Council prior to seeking judicial intervention for reduction of hospital privileges was not raised.

Plaintiff argues that this is not a section 2801-b case because he does not allege an "improper practice". An "improper practice" as defined by Public Health Law § 2801-b (1) is one whereby a physician's privileges are terminated "without stating the reasons therefor, or if the reasons stated are unrelated to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant." We agree with defendant that plaintiff's first cause of action alleges an improper practice on defendant's part. The court also found that plaintiff's first cause of action alleged an improper practice, but concluded that it was primarily a breach of contract action. That conclusion is undermined by the fact that plaintiff sought only injunctive relief and not money damages.

Moreover, whether a complaint primarily alleges an "improper practice" or breach of contract should not be the test in determining whether a physician must seek review under

section 2801-b. The Public Health Council is not bound by the reasons stated by a hospital for terminating a physician's privileges. That is to say, the mere fact that a hospital advances reasons related to standards of patient care, patient welfare, and objectives of the institution or character or competency of the applicant does not preclude Public Health Council review *(see,* Public Health Law § 2801-b). A violation of section 2801-b is alleged if a physician claims that the hospital acted in bad faith or gave one of the statutory reasons as a pretense for the true reason that the privileges were terminated *(see, Fried v Straussman,* 41 NY2d 376, 382, *rearg denied* 41 NY2d 1009 [Public Health Law § 2801-b does not permit "devious administrators to circumvent the legislative intent by fabricating reasons which are baseless, but which, if substantiated, would be related to institutional concerns"]; *see also, Jackaway v Northern Dutchess Hosp.,* 139 AD2d 496, 497 ["Good faith by the defendant is required, that is, the reasons given by the defendant must be authentic and not pretenses"]).

Just as a hospital cannot avoid compliance with the substantive requirements of Public Health Law § 2801-b by stating fraudulent reasons for the termination of privileges, a physician cannot avoid compliance with the procedural requirements of Public Health Law § 2801-b by alleging wrongful termination, but not expressly stating that he was terminated in violation of section 2801-b. Thus, a physician cannot avoid review by the Public Health Council in the first instance by cloaking a cause of action in terms of "breach of contract" when, in effect, he or she is seeking reinstatement of hospital privileges. Thus, the allegations of a complaint are not controlling; rather, it is the nature of the relief sought that controls. Where a complaint alleges that a physician's privileges were wrongfully revoked or diminished and the physician seeks injunctive relief, the statute with its substantive criteria applies. Although the characterization of the hospital's behavior, such as breach of contract or violation of its rules and bylaws, may have a bearing upon the validity of the hospital's actions, that determination is to be made by the Public Health Council in the first instance and not the court in an action seeking reinstatement of privileges.

Finally, it is disingenuous for plaintiff to argue that there is no need to seek relief from the Public Health Council, despite defendant's finding that plaintiff failed to render proper care to a patient and, nevertheless, ask for injunctive relief to

reinstate his hospital privileges. We believe it is best to establish a "bright line" rule that, if a physician seeks reinstatement of hospital privileges, the court is without jurisdiction to consider that issue until the Public Health Council reviews the matter and makes its findings, which constitute prima facie evidence of the facts found therein in any subsequent action *(see,* Public Health Law § 2801-c).

Accordingly, defendant's cross motion should have been granted and plaintiff's first cause of action dismissed.

DENMAN, P. J., WESLEY, DOERR and BOEHM, JJ., concur.

Order insofar as appealed from unanimously reversed, on the law, without costs, cross motion granted, and first cause of action dismissed.