■ In the Matter of JOHN CHONG-HWAN WEE, Appellant, v CITY OF ROME et al., Respondents. [649 NYS2d 614] —Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Supreme Court properly converted this CPLR article 78 proceeding to an action for an injunction pursuant to

section 2801-c of the Public Health Law. Plaintiff, a physician at defendant Rome Hospital and Murphy Memorial Hospital (Hospital), alleges that the Hospital's stated reasons for restricting his surgical privileges were pretextual. He contends that the true reason for imposing the restriction was to retaliate against plaintiff for charges he levied against certain physicians and to lessen competition in the field of urology. Those allegations state a cause of action for improper practices within the meaning of Public Health Law § 2801-b (*see, Fried v Straussman*, 41 NY2d 376, 382, *rearg denied* 41 NY2d 1009; *Gelbard v Genesee Hosp.*, 211 AD2d 159, 164, *affd* 87 NY2d 691; *cf., Saha v Record*, 177 AD2d 763, 765). An action pursuant to Public Health Law § 2801-c to enjoin a hospital from committing an improper practice is the exclusive remedy where, as here, a physician asserts that a hospital has improperly restricted his surgical privileges (*see, Gelbard v Genesee Hosp., supra*, 211 AD2d, at 162; *Harris v Eisenberg*, 199 AD2d 305, 307).

The court also properly granted that part of the Hospital's motion for summary judgment dismissing the cause of action alleging that, in restricting plaintiff's privileges, the Hospital violated its own by-laws and thereby breached its contract with plaintiff. The Hospital met its initial burden of establishing that it did not breach its contract with plaintiff, and plaintiff failed to raise a triable issue of fact.

The court erred, however, in granting that part of the Hospital's motion for summary judgment dismissing the cause of action pursuant to Public Health Law § 2801-c. Plaintiff raised triable issues of fact in support of his allegations of bad faith and retaliatory and conspiratorial conduct. Moreover, the motion for summary judgment was brought only eight days after issue was joined. Because evidence of bad faith and improper motivation often is within the exclusive possession of the alleged wrongdoer and plaintiff has not had the opportunity to conduct discovery in this action, the motion for summary judgment is premature with respect to the section 2801-c cause of action (*see generally, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506). Thus, we modify the order and judgment by denying in part the Hospital's motion for summary judgment and reinstating that cause of action and by vacating the award of costs. (Appeal from Order and Judgment of Supreme Court, Oneida County, Parker, J.—Summary Judgment.) Present— Lawton, J. P., Fallon, Callahan, Doerr and Balio, JJ.