◼ SHA MOALLEM, Respondent, v JAMAICA HOSPITAL, Appellant. [694 NYS2d 653] —Order, Supreme Court, New York County (Carol Huff, J.), entered December 23, 1997, which denied defendant's motion for summary judgment, unanimously reversed, on the law, with costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff commenced this action for breach of contract, intentional interference with contract and prima facie tort based upon the suspension of his hospital privileges. Plaintiff, a thoracic and cardiovascular surgeon, was at first summarily suspended by the hospital's Medical Board upon allegations that he had been verbally abusive and failed to follow hospital practice when there was a scheduling conflict. An adversarial hearing was held by defendant's Ad Hoc Committee, which concluded that plaintiff's conduct was lower than the stan-

dards of the Medical Staff, was potentially disruptive to the hospital's operations and should be censured. The Medical Board thereafter adopted the Ad Hoc Committee's recommendations requiring continued suspension unless and until plaintiff signed a written apology and agreed in writing to follow hospital policies and practices. Plaintiff requested further administrative review but, after several adjournments requested by him, failed to appear before the Appellate Review Committee, which thereafter issued a report finding substantial evidence on the record justifying continued suspension until plaintiff apologized and agreed to comply. Subsequently the hospital's Board of Trustees ratified the Medical Board's actions.

There is no common-law cause of action based upon a denial of staff privileges by a private hospital (*Leider v Beth Israel Hosp. Assn.*, 11 NY2d 205, 208-209). In 1972, section 2801-b of the Public Health Law was enacted to limit the common-law rule that immunized a private hospital's action from judicial scrutiny (L 1972, ch 284; *Matter of Fritz v Huntington Hosp.*, 39 NY2d 339, 344-345). Where a cause of action is based upon an allegedly wrongful denial of hospital privileges, the aggrieved physician is limited to injunctive relief under Public Health Law § 2801-c and is barred by section 2801-b from maintaining an action for damages (*Matter of Wee v City of Rome*, 233 AD2d 876; *Chuz v St. Vincent's Hosp.*, 186 AD2d 450, 451). Plaintiff has never sought injunctive relief and, even had he specifically requested such relief in this action, has failed to exhaust his administrative remedies with respect to such relief (*Gelbard v Genesee Hosp.*, 211 AD2d 159, 161-162, *affd* 87 NY2d 691; *Guibor v Manhattan Eye, Ear & Throat Hosp.*, 46 NY2d 736). Plaintiff has elected to pursue causes of action for damages which all arise from the allegedly wrongful suspension of privileges. There are no contract or by-law claims separate from the suspension of his privileges. All of plaintiff's causes of action for damages should have been dismissed since they are barred by Public Health Law § 2801-b (*Solomon v Beth Israel Med. Ctr.*, 248 AD2d 118, *lv dismissed in part and denied in part* 92 NY2d 874; *Farooq v Millard Fillmore Hosp.*, 172 AD2d 1063). Concur—Rosenberger, J. P., Mazzarelli, Rubin, Andrias and Buckley, JJ.