Matter of Fogel v Kaleida Health (2019 NY Slip Op 06350)





Matter of Fogel v Kaleida Health


2019 NY Slip Op 06350


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


732 CA 19-00146

[*1]IN THE MATTER OF JONATHAN T. FOGEL, M.D., PETITIONER-RESPONDENT,
v
KALEIDA HEALTH, ET AL., RESPONDENTS-APPELLANTS. 






HODGSON RUSS LLP, BUFFALO (ROBERT J. LANE, JR., OF COUNSEL), FOR RESPONDENTS-APPELLANTS. 
RICHARD T. SULLIVAN PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), AND ZDARSKY, SAWICKI & AGOSTINELLI LLP, FOR PETITIONER-RESPONDENT. 


 Appeal from an order and judgment of the Supreme Court, Erie County (Mark A. Montour, J.), entered January 3, 2019 in a CPLR article 78 proceeding. The order and judgment denied the motion of respondents to dismiss the petition and granted the relief requested in the petition. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the CPLR article 78 proceeding is converted into an action for injunctive relief, the motion is granted and the petition as converted into a complaint is dismissed without prejudice.
Memorandum: Respondents appeal from an order and judgment that, inter alia, denied their pre-answer motion to dismiss the petition, in which petitioner alleges that respondents improperly suspended and then revoked his medical privileges at respondent Kaleida Health. We agree with respondents that Supreme Court erred in denying their motion and in granting the relief requested in the petition. As a preliminary matter, inasmuch as petitioner challenges respondents' determination to suspend and then to revoke his medical privileges and seeks reinstatement of those privileges, his petition, in effect, asserts a claim of improper practices under Public Health Law § 2801-b (1). As we have held, "[a]n injunction action under Public Health Law § 2801-c is the exclusive remedy for an alleged violation of section 2801-b (1)" (Farooq v Fillmore Hosp., 172 AD2d 1063, 1063 [4th Dept 1991]; see Matter of Tabrizi v Faxton-St. Luke's Health Care, 66 AD3d 1421, 1421 [4th Dept 2009], lv denied 13 NY3d 717 [2010]; Matter of Chong-Hwan Wee v City of Rome, 233 AD2d 876, 876-877 [4th Dept 1996]). We therefore exercise our discretion to convert this purported CPLR article 78 proceeding into an action for injunctive relief (see CPLR 103 [c]; Matter of Fritz v Huntington Hosp., 39 NY2d 339, 347 [1976]; Matter of Shapiro v Central Gen. Hosp., 220 AD2d 516, 517 [2d Dept 1995]).
Where, as here, a physician challenges a determination to terminate or diminish that physician's professional privileges in a hospital, Public Health Law § 2801-b (2) "provides the allegedly aggrieved physician with a procedural avenue through which he [or she] can present his [or her] claim of a wrongful denial of professional privileges to the Public Health Council" (Guibor v Manhattan Eye, Ear & Throat Hosp., 46 NY2d 736, 737 [1978]), which must then investigate the allegations of the complaint (see § 2801-b [3]). Inasmuch as petitioner seeks reinstatement and did not file a complaint with the Public Health Council (see Indemini v Beth Israel Med. Ctr., 4 NY3d 63, 66 [2005]; Gelbard v Genesee Hosp., 211 AD2d 159, 165 [4th Dept 1995], affd 87 NY2d 691 [1996]), we lack jurisdiction to consider the petition (see Gelbard v Genesee Hosp., 87 NY2d 691, 696 [1996]; Guibor, 46 NY2d at 737-738; Eden v St. Luke's-Roosevelt Hosp. Ctr., 39 AD3d 215, 216 [1st Dept 2007], lv denied in part and dismissed in part 9 NY3d 944 [2007]; Farooq, 172 AD2d at 1063).
Contrary to petitioner's contention, the exceptions to Public Health Law § 2801-b (2) do not apply to this case (see Tassy v Brunswick Hosp. Ctr., Inc., 296 F3d 65, 67-70 [2d Cir 2002]; see generally Johnson v Nyack Hosp., 964 F2d 116, 122-123 [2d Cir 1992]). That is because petitioner seeks reinstatement (cf. Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 878, 878-879 [2d Dept 2016], lv denied 28 NY3d 909 [2016]; Johnson, 964 F2d at 121) and respondents contend that petitioner's termination related, in part, to issues of patient care, i.e., the purported misconduct occurred during a medical procedure and "had the potential to be detrimental to patient care" (cf. Tassy, 296 F3d at 67-70).
We therefore reverse the order and judgment, convert the CPLR article 78 proceeding into an action for injunctive relief, grant the motion and dismiss the petition as converted into a complaint without prejudice to refile following review of this matter by the Public Health Council.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court