Williams v Kaleida Health (2022 NY Slip Op 07383)

Williams v Kaleida Health

2022 NY Slip Op 07383

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

904 CA 22-00652

[*1]ASTON B. WILLIAMS, M.D., PLAINTIFF-APPELLANT,
v
KALEIDA HEALTH, DEFENDANT-RESPONDENT. 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HODGSON RUSS LLP, BUFFALO (SARAH NAGEL MILLER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Lynn W. Keane, J.), entered April 21, 2022. The order, insofar as appealed from, denied the motion of plaintiff for a preliminary injunction, granted in part the motion of defendant to dismiss the verified complaint and dismissed the verified complaint without prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff is a licensed physician who had medical staff privileges at medical facilities owned by defendant, Kaleida Health, including Buffalo General Medical Center (Buffalo General). Plaintiff applied to defendant for, as relevant to this appeal, a medical exemption from the COVID-19 vaccine mandate for health care workers. In response, plaintiff received a letter from defendant informing him that his medical exemption was denied following review, and plaintiff's privileges at Buffalo General were subsequently suspended due to his noncompliance with the vaccine mandate. Plaintiff thereafter commenced this action and moved by order to show cause for, inter alia, injunctive relief preventing defendant from revoking his privileges at Buffalo General or deeming those privileges abandoned. Defendant moved to, among other things, dismiss the complaint with prejudice. Plaintiff appeals from an order that, inter alia, denied plaintiff's motion, granted defendant's motion in part, and dismissed the complaint without prejudice.
We reject plaintiff's contention that Supreme Court erred by denying his motion and granting defendant's motion in part. Plaintiff does not dispute that his complaint alleges a claim of improper practices under Public Health Law § 2801-b (1). Further, plaintiff states in his appellate brief that, after the court's order, he filed a complaint with the Public Health and Health Planning Counsel (PHHPC) under the Public Health Law. This Court has held that "[a]n injunction action under Public Health Law § 2801-c is the exclusive remedy for an alleged violation of section 2801-b (1)" (Farooq v Millard Fillmore Hosp., 172 AD2d 1063, 1063 [4th Dept 1991]; see Matter of Fogel v Kaleida Health, 175 AD3d 1102, 1103 [4th Dept 2019]). Where, as here, a physician challenges a determination to suspend or diminish that physician's professional privileges in a hospital, Public Health Law § 2801—b (2) "provides the allegedly aggrieved physician with a procedural avenue through which he [or she] can present his [or her] claim of a wrongful denial of professional privileges to the Public Health Council" (Guibor v Manhattan Eye, Ear & Throat Hosp., 46 NY2d 736, 737 [1978]), which must then investigate the allegations of the complaint (see § 2801-b [3]). Therefore, we conclude that the court properly denied plaintiff's motion and granted defendant's motion in part, by dismissing the complaint without prejudice, on the basis that plaintiff must first pursue his remedy before the PHHPC (see generally Fogel, 175 AD3d at 1103; Shapiro v Central Gen. Hosp., 173 AD2d 601, 603 [2d Dept 1991]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court