■ STUART M. DOLGIN, Appellant, v MERCY HOSPITAL et al., Respondents.—In an action pursuant to Public Health Law § 2801-c seeking an injunction and damages, the plaintiff appeals, as limited by his brief, from so much of an order of

the Supreme Court, Nassau County (Burke, J.), dated August 28, 1985, as granted those branches of the defendants' motion which were to dismiss the second and third causes of action asserted in the complaint against the defendant Mercy Hospital and dismissed his complaint in its entirety insofar as it is asserted against all of the individually named defendants.

Ordered that the order is affirmed, insofar as appealed from, with costs.

The plaintiff, a medical doctor licensed to practice in the State of New York, applied for staff privileges at the defendant hospital in 1980. His application was rejected on the ground that there were no openings in his subspecialty at that time. The plaintiff's internal appeals, in which he contended that he was wrongfully denied staff privileges, afforded him no relief and the Public Health Council with which he filed a complaint pursuant to Public Health Law § 2801-b, found no cause to credit his complaint. The plaintiff subsequently commenced this action seeking an injunction under Public Health Law § 2801-c and compensatory and punitive damages.

"[A]t common law a private hospital's actions were immunized from judicial scrutiny inasmuch as physicians served at the pleasure of the hospital. A hospital could terminate a physician's professional privileges for any reason, even an arbitrary one, or no reason at all. *(Leider v Beth Israel Hosp. Assn.,* 11 NY2d 205, 208-209; *Van Campen v Olean Gen. Hosp.,* 210 App Div 204, 209, affd 239 NY 615; see, generally, Exclusion of or Discrimination Against Physician or Surgeon by Hospital, Ann., 37 ALR 3d 645, 659-661.)" *(Matter of Cohoes Mem. Hosp. v Department of Health,* 48 NY2d 583, 587-588.) A hospital's denial of staff privileges constituted no legal wrong *(Guibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736, 737), and a hospital's exclusion of a physician was free from judicial review *(Fried v Straussman,* 41 NY2d 376, 385 [Wachtler, J., dissenting]).

Although Public Health Law §§ 2801-b and 2801-c changed the common law by enabling physicians to seek injunctive relief when they have been deprived of staff privileges for reasons which are unrelated to patient care and welfare, the objectives of the hospital, or the character or competency of the applicant *(see, Fried v Straussman, supra,* at 377-378), these statutes contain no provision entitling a physician to damages allegedly caused by an improper denial of his application.

Moreover, we find that the court properly dismissed the

complaint against all of the individually named defendants. Even when read in conjunction with the plaintiff's affidavit, the complaint fails to state a cause of action to recover damages for prima facie tort. The plaintiff has failed to allege that any of the defendants were motivated solely by malice *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333), and he has also failed to allege special damages with the requisite particularity *(see, Luciano v Handcock,* 78 AD2d 943). Additionally, we note that plaintiff's claim for attorney's fees was also properly dismissed *(see, City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263, *rearg denied* 29 NY2d 640). Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.