■ WILLIAM ROSENZWEIG, as Administrator of the Estate of ROBERT J. ROSENZWEIG, Deceased, Respondent, v GLEN'S TRUCK SERVICE, INC., et al., Defendants, and FELD TRUCK LEASING, Appellant.—In an action to recover damages for wrongful death and conscious pain and suffering, the defendant Feld Truck Leasing (hereinafter Feld) appeals from an order of the Supreme Court, Queens County (Durante, J.), dated April 8, 1986, which denied that branch of its motion which was for summary judgment and denied without prejudice to renewal that branch of its motion which was to dismiss the action on the ground of forum non conveniens.

Ordered that the order is affirmed, with costs.

The record reveals that the Supreme Court denied Feld's motion for summary judgment after concluding that the substantive law of New York should be applied to this action. However, while the court properly relied upon the choice of law rules adopted by the Court of Appeals in *Neumeier v Kuehner* (31 NY2d 121) and recently reiterated in *Schultz v Boy Scouts* (65 NY2d 189), it failed to first determine whether the decedent was a New York domiciliary or an Illinois domiciliary and instead erroneously employed the plaintiff's personal domicile in its choice of law analysis *(see generally, Menefee v Floyd & Beasley Transp. Co.,* 106 AD2d 556, *lv denied* 64 NY2d 612). The term domicile refers to "[t]he permanent residence of a person or the place to which he intends to return even though he may actually reside elsewhere" (Black's Law Dictionary 435 [5th ed 1979]). It is clear that the papers submitted by the parties on Feld's request for summary judgment created a sharp factual dispute concerning the decedent's true domicile; hence, the denial of summary

judgment was appropriate. However, a determination of the choice of law issue must await the resolution of the domicile question.

In view of the foregoing, and in light of the limited evidence contained in the record, we cannot say that the court abused its discretion in denying without prejudice to renewal Feld's request to dismiss on the ground of forum non conveniens *(see generally,* CPLR 327 [a]; *Islamic Republic v Pahlavi,* 62 NY2d 474, *cert denied* 469 US 1108; *Belachew v Michael,* 59 NY2d 1004). Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.