■ In the Matter of CHARLES E. LIBBY, Appellant. LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al, Respondents. —In a proceeding pursuant to CPLR article 78 to prohibit the respondent hospital from terminating the petitioner's admitting privileges, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), dated August 5, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner sought to prohibit the respondent hospital from terminating his admitting privileges. However, he has failed to exhaust the administrative remedies afforded to him. Public Health Law § 2801-b was enacted to mitigate the harsh results of the common-law rule whereby the "physician's continued professional association with a private hospital was within the unfettered discretion of the hospital's administrators" *(Guibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736, 737; *see also, Fried v Straussman,* 41 NY2d 376, 380; *Matter of Fritz v Huntington Hosp.,* 39 NY2d 339, 348). Public Health Law § 2801-b (2) sets forth the appropriate procedural framework whereby an aggrieved physician may invoke the jurisdiction of the Public Health Council when the governing body of a hospital terminates a physician's privileges "without stating the reasons therefor, or if the reasons stated are unrelated to standards of patient care, patient welfare, the objectives of the institution or the character or competency of the applicant" (Public Health Law § 2801-b [1]). The petitioner's challenge to the termination of his privileges is not limited to allegations that the hospital has failed to comply with its bylaws but alleges matters properly falling within the scope of administrative review envisioned in Public Health Law § 2801-b *(cf., Matter of Murphy v St. Agnes Hosp.,* 107 AD2d 685, 689; *Chalasani v Neuman,* 97 AD2d 806, *revd on other grounds* 64 NY2d 879). As such, the petitioner was "obligated to present his claim of an improper practice, in the first instance, to the administrative body charged with the protection of these statutory rights" *(Guibor v Manhattan Eye, Ear & Throat Hosp., supra,* at 738). Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.