■ ALFREDO L. DEL CASTILLO et al., Respondents, v BAYLEY SETON HOSPTIAL, Appellant.—In an action, inter alia, to recover damages for breach of contract and to enjoin the defendant from terminating the directorship and professional staff privileges of the plaintiff Alfredo Lopez Del Castillo and the

privileges of his professional corporation, the defendant appeals (1) from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered September 12, 1990, which denied its cross motion to dismiss the complaint for failure to state a cause of action and granted the plaintiffs' motion for a preliminary injunction, and (2) from so much of an order of the same court, dated November 16, 1990, as denied its motion for reargument.

Ordered that the order entered September 12, 1990, is modified, on the law, by (1) deleting the provision thereof which granted the plaintiffs' motion for a preliminary injunction, and substituting therefor a provision denying the motion, and (2) deleting the provisions thereof which denied those branches of the cross motion which were to dismiss the complaint insofar as it is asserted on behalf of Alfred Lopez Del Castillo and the second and third causes of action insofar as they are asserted on behalf of Alfredo Lopez Del Castillo, M.D., P. C., and substituting therefor a provision granting those branches of the cross motion; as so modified, that order is affirmed, and it is further,

Ordered that the appeal from the order dated November 16, 1990, is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

On the facts of this case, the plaintiffs have not established an entitlement to injunctive relief. The Legislature's enactment of Public Health Law § 2801-b, which provides the mechanism for appealing from an improper denial, termination or diminishment of a physician's professional privileges, was intended to temper the harsh common-law rule whereby, "absent a contractual obligation to the contrary, a physician's continued professional association with a private hospital was within the unfettered discretion of the hospital's administrators. Denial of staff privileges, for whatever reason or for no reason at all, constituted no legal wrong" *(Guibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736, 737). In the instant case, Dr. Del Castillo's appointment as Director of the Anesthesiology Department was expressly made contingent upon the continued existence of the agreement entered into between the defendant and the plaintiff professional corporation. Termination of Dr. Del Castillo's privileges was pursuant to the terms of the agreement. Thus, he was not entitled to injunctive relief pursuant to Public Health Law § 2801-c. We further note that the corporation has no standing to sue under the Public Health Law § 2801-c as it is not within the zone of interest to be protected thereby *(see, Matter of Dairylea Coop.*

*v Walkley,* 38 NY2d 6; *see also, Matter of Fritz v Huntington Hosp.,* 39 NY2d 339) nor has the corporation established its entitlement to injunctive relief pursuant to CPLR 6301. The allegations of foreclosure or diminishment of potential employment are insufficient to establish its rights to injunctive relief.

The pleadings, however, sufficiently state a cause of action to recover damages for breach of contract on behalf of the corporation. Under paragraph THIRTIETH of the agreement, the hospital agreed that it would give the corporation a first opportunity to negotiate a renewal or modification of the agreement before March 1, 1989, and that the parties would "confer and negotiate in good faith" for renewal. There is no indication on the record that any negotiations took place. We note that Dr. Del Castillo, individually, was not a party to the contract and consequently has no cause of action to recover damages for breach of contract *(see, Burdett Radiology Consultants v Samaritan Hosp.,* 158 AD2d 132).

Although denominated a motion for reargument or renewal, the defendant's motion which was denied by order dated November 16, 1990, was, in actuality, in the nature of a motion for reargument inasmuch as no new matters were raised which were not previously known. No appeal lies from an order denying reargument *(see, Rosenzweig v Glen's Truck Serv.,* 136 AD2d 689). Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.