■ USHA SAHA et al., Appellants-Respondents, v DUANE C. RECORD et al., Respondents-Appellants.—Yesawich Jr., J. Cross appeals from an amended order of the Supreme Court (Ryan, Jr., J.), entered October 16, 1990 in Clinton County, which, *inter alia,* partially granted defendants' motion to dismiss the complaint.

This action arises from the denial of the application of plaintiff Usha Saha (hereinafter plaintiff), a medical doctor, for reappointment to the medical staff of defendant Champlain Valley Physicians Hospital in Clinton County with full senior privileges in obstetrics and gynecology. In September 1986, the hospital granted plaintiff senior probationary privileges in obstetrics and gynecology with the reservation that for an appropriate period of time she obtain consultation on complicated cases and that her performance "be monitored by the Chief of OB/GYN and [the] Medical Director". In January 1987, plaintiff was reappointed to the associate medical staff

for another year. When she reapplied in October 1987 seeking unrestricted senior privileges, her application was denied but she has since continued as a staff member with limited privileges.

Plaintiff and her spouse, derivatively, commenced this action against the hospital, its directors and individual doctors advancing six causes of action. Defendants answered and moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that plaintiff's sole remedy is a review via Public Health Law §§ 2801-b and 2801-c, which provide injunctive relief for physicians wrongly deprived of staff privileges. Both sides submitted affidavits. Supreme Court granted defendants' motion to dismiss as to plaintiff's first cause of action for tortious interference with contractual relations and fourth cause of action for breach of contract, and granted plaintiff's cross motion to compel defendants to respond to plaintiff's discovery and inspection notices as to the remaining causes of action. Plaintiff appeals and defendants cross-appeal.

Supreme Court correctly concluded that plaintiff's allegations are insufficient to establish that any contractual obligation owed by the hospital to plaintiff was breached by the hospital's denial of unrestricted senior privileges. While we recognize that "medical staff bylaws may form the basis of a claim for breach of contract or intentional interference with contractual relations" (Giannelli v St. Vincent's Hosp. & Med. Center, 160 AD2d 227), the gravamen of plaintiff's breach of contract cause of action is that "[t]he * * * Hospital breached its By-laws in severely reducing [plaintiff's] privileges". The bylaws, however, do not contain any provision which would give plaintiff the right to unrestricted privileges. Rather, the bylaws contain a listing of the criteria to be considered in determining the initial appointment to the medical staff and the granting of clinical privileges, and the procedures to be followed in making initial appointment and reappointment determinations.

Plaintiff does not maintain that the hospital violated any specific provision of the bylaws concerning the criteria to be considered or the procedures to be followed. Instead, the complaint alleges that a requirement of good faith is implicit in the bylaws and that the hospital acted in bad faith when it denied her unrestricted privileges. The obligation of the hospital to act in good faith, however, comes not from the bylaws, but from the Legislature's decision to alter the common-law rules regarding professional privileges at hospitals by enacting Public Health Law §§ 2801-b and 2801-c (see, Fried v Strauss-

*man,* 41 NY2d 376, 382). As plaintiff has not alleged the breach of any specific provision of the bylaws, but instead asserts that the hospital failed to observe the good-faith requirement, plaintiff was bound to present her claim in the first instance to the administrative body charged with the protection of that statutory right *(see, Guibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736, 738; *see also, Wollman v Long Is. Jewish Med. Center,* 170 AD2d 673). Inasmuch as plaintiff's contract cause of action is grounded on matters properly falling within the scope of administrative review envisioned in Public Health Law § 2801-b, her mere assertion that the hospital's bylaws were infringed is insufficient to relieve her of the necessity of pursuing her administrative remedy *(see, Matter of Libby [Long Is. Jewish-Hillside Med. Center],* 163 AD2d 388).

Furthermore, the alleged breach of the bylaws does not give rise to damages. A claim for damages based upon allegations that a hospital violated the requirement of good faith in the denial of unrestricted staff privileges, a requirement imposed by Public Health Law § 2801-b *(see, Fried v Straussman, supra),* does not state a cognizable cause of action *(see, Farooq v Fillmore Hosp.,* 172 AD2d 1063; *Dolgin v Mercy Hosp.,* 127 AD2d 557, 558). The breach of contract cause of action was, therefore, properly dismissed.

As to the cause of action based upon tortious interference with a contract, the allegations are sufficient to survive a motion to dismiss, at least insofar as they claim interference with contractual relationships other than the relationship that served as the basis for the breach of contract cause of action. Plaintiff avers that certain physicians knowingly, intentionally and maliciously interfered with her contractual and medical relations with her patients, medical professionals and other hospitals, resulting in damages, by making false statements and taking reckless, wanton and willful actions *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 189-190; *Giannelli v St. Vincent's Hosp. & Med. Center, supra,* at 232). According to plaintiff's complaint, read in conjunction with her affidavit and accorded the benefit of every possible favorable inference *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634, 636), it is clear that a cause of action for tortious interference with a contract has been adequately pleaded.*

---

* As plaintiff claims that defendants were motivated by professional competition and not "disinterested malevolence", she has failed to state a

Supreme Court properly denied defendants' motion to dismiss the second, third and fifth causes of action. In her second and third causes of action for defamation, plaintiff set out the particular words complained of (CPLR 3016 [a]) and stated the persons who heard them. Contrary to defendants' contention, special damages need not be alleged in this instance because the alleged defamation affects plaintiff in her profession by imputing that she lacks necessary qualifications *(see, Grimaldi v Schillaci,* 106 AD2d 728, 729-730; *Four Star Stage Light. v Merrick,* 56 AD2d 767, 768).

Finally, plaintiff's claim for punitive damages, asserted as the sixth cause of action, cannot stand as a separate cause of action because such damages merely constitute an element of the single total claim for damages of an underlying cause of action *(see, Ferrucci v State of New York,* 42 AD2d 359, 362, *affd* 34 NY2d 881). If proven, plaintiff's allegations of wrongful and malicious acts evidencing intentional, reckless and morally culpable conduct by defendants will support an award of punitive damages *(see, Sweeney v McCormick,* 159 AD2d 832, 834).

Casey, J. P., Weiss, Mikoll and Levine, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion dismissing the first cause of action and denied the motion regarding the sixth cause of action; motion denied regarding the first cause of action, motion granted regarding the sixth cause of action and said cause of action dismissed; and, as so modified, affirmed.

cause of action for prima facie tort *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *see also, Curiano v Suozzi,* 63 NY2d 113, 117).