■ In the Matter of JACK M. SHAPIRO, Respondent-Appellant, v CENTRAL GENERAL HOSPITAL, INC., et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to vacate the rejection by Central General Hospital of the petitioner's application for renewal of staff privileges, the appeal is from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated November 20, 1991, as continued a stay contained in an order of the same court, dated September 7, 1990, against implementation or publication of the above rejection, and the petitioner cross-appeals from so much of the order dated November 20, 1991, as conditioned the stay on a direction that the petitioner file a complaint with the Public Health Council pursuant to Public Health Law § 2801-b.

Ordered that on the court's own motion, the notice of appeal and notice of cross appeal are treated as applications for leave to appeal and cross appeal, the applications are referred to Justice Pizzuto, and leave to appeal and cross appeal are granted by Justice Pizzuto (CPLR 5701 [b]); and it is further,

Ordered that the order is reversed, on the law, with costs to the appellants-respondents, and the proceeding is dismissed as premature.

The verified petition is not limited to allegations that Central General Hospital acted in bad faith and failed to comply with its by-laws, but also alleges matters which are within the purview of Public Health Law § 2801-b. The petitioner is

"obligated to present his claim of an improper practice, in the first instance, to the administrative body charged with the protection of these statutory rights" *(Gaibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736, 738; *Matter of Libby [Long Is. Jewish-Hillside Med. Center],* 163 AD2d 388; *cf., Matter of Murphy v St. Agnes Hosp.,* 107 AD2d 685, 689). Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.