■ JOSEPH S. GELBFISH, Appellant, v MAIMONIDES MEDICAL CENTER et al., Respondents.—In an action, *inter alia,* to enjoin the defendants from restricting the plaintiff's privileges at Maimonides Medical Center, the plaintiff appeals from a

judgment of the Supreme Court, Kings County (Krausman, J.), dated May 31, 1991, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendant Maimonides Medical Center (hereinafter the hospital) entered into two contracts with a group of physicians incorporated as Maimonides Cardiology, P. C. (hereinafter the professional corporation) whereby physicians employed by the professional corporation were to perform certain specified invasive cardiac procedures at the hospital on an exclusive basis. The contracts were dated January 1, 1984, and July 1, 1989.

The plaintiff, a cardiologist who was to join this professional corporation, applied for privileges to perform these procedures at the hospital. The privileges were granted on July 17, 1989, and were made effective as of July 1, 1989. Shortly after the privileges were granted, the plaintiff commenced working for the professional corporation without first signing a contract of employment. However, one month later, the President of the professional corporation asked the plaintiff to sign a contract. The plaintiff, who did not agree to certain terms in the contract, refused to sign the contract and thereafter resigned from the professional corporation. Since the plaintiff was no longer employed by the professional corporation, which had exclusive access to the hospital's catherization laboratory, the hospital revoked the plaintiff's privileges to perform invasive cardiac procedures in the laboratory.

The plaintiff subsequently commenced this action against the hospital, the professional corporation and Dr. Edgar Lichstein, the President of the professional corporation, claiming, *inter alia*, that the exclusive contracts between the hospital and the professional corporation violated Public Health Law § 2801-b. The New York Public Health Council reviewed the plaintiff's complaint and deemed it meritless. Additionally, the hospital's Executive Medical Council conducted a hearing and determined that the plaintiff did not have independent privileges regarding the catherization laboratory.

We agree with the court's determination, after a trial, that, at the time the plaintiff was granted the privileges, the hospital had entered into the exclusive arrangement whereby the corporation was to be the sole provider of certain services. Also, the plaintiff did not have a contractual right to contin-

ued access to the laboratory and the plaintiff was afforded his due process right under the bylaws *(see, Saha v Record,* 177 AD2d 763; *Matter of Murphy v St. Agnes Hosp.,* 107 AD2d 685).

Further, we find that the court correctly held that the hospital's conduct did not violate New York Public Health Law § 2801-b. The New York Public Health Council reviewed the plaintiff's claims and arrived at the same conclusion *(see, Guibor v Manhattan Eye, Ear & Throat Hosp.,* 46 NY2d 736). Moreover, the hospital established that the exclusive arrangement with the professional corporation was entered into in order to provide quality care to patients, and the plaintiff did not show bad faith on the part of the hospital. In addition, the President of the corporation testified at the trial that at the time that the plaintiff commenced working, he was aware of the exclusive arrangement *(see, Hauptman v Grand Manor Health Related Facility,* 121 AD2d 151; *Lipsztein v Mount Sinai Hosp.,* 170 AD2d 285; *Del Castillo v Bayley Seton Hosp.,* 172 AD2d 796). Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.