■ BARRY M. CHUZ, Appellant, v ST. VINCENT's HOSPITAL et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered April 10, 1991, granting

summary judgment to defendants dismissing the complaint, unanimously affirmed, without costs.

The IAS Court did not err in converting defendants' motion to dismiss into a motion for summary judgment while disclosure requests were still outstanding (cf., *Wohlgemuth v Logan*, 144 AD2d 160).

The action arises out of defendants' denial of plaintiff's application to obtain on-call emergency patient privileges for plastic surgery patients, and defendants' delay in responding to credential information concerning plaintiff from several Arizona hospitals. At the time of the commencement of the action, the Public Health Council had already reviewed and rejected plaintiff's complaint and deemed it to be without merit. In addition, plaintiff was still on the staff of defendant hospital, and had on-call emergency room privileges for head and neck injury patients.

Plaintiff's claims based on the denial of hospital privileges were properly dismissed, as a matter of law, as barred by Public Health Law §§ 2801-b and 2801-c, which limit an aggrieved physician to injunctive relief and bar him from maintaining an action for damages (*Saha v Record*, 177 AD2d 763; *Farooq v Millard Fillmore Hosp.*, 172 AD2d 1063; *Dolgin v Mercy Hosp.*, 127 AD2d 557). Although medical staff by-laws may form the basis of a claim for breach of contract or intentional interference with contractual relations independent of any claim arising under the Public Health Law (*Giannelli v St. Vincent's Hosp. & Med. Ctr.*, 160 AD2d 227, 232; see, *Del Castillo v Bayley Seton Hosp.*, 172 AD2d 796), plaintiff did not have a contractual right to special access to the plastic surgery on-call list (see, *Gelbfish v Maimonides Med. Ctr.*, 184 AD2d 614), and has never maintained that defendant hospital violated any specific provision of its by-laws concerning the criteria to be considered or the procedures to be followed (see, *Saha v Record, supra*).

The court also properly dismissed plaintiff's claims concerning defendants' delay in responding to requests for references required by Arizona hospitals to which plaintiff had applied for privileges. Plaintiff failed to allege or substantiate that any of the defendants were motivated solely by malice (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333). In any event this claim is time barred since the Arizona hospital requests were made in 1985 and the action was commenced in January of 1989.

We have considered plaintiff's remaining contentions and

find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Asch, JJ.