■ Chudi Chime, Respondent, v Bernard J. Sicuranza et al., Appellants. [633 NYS2d 536] —In an action to recover damages, *inter alia,* for breach of hospital bylaws, the defendants appeal from so much of an order of the Supreme Court, Kings County (Garry, J.), dated April 22, 1994, as denied their motion to dismiss the plaintiff's first, second, third, sixth, and seventh causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the defendants' motion which was to dismiss the plaintiff's seventh cause of action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a medical doctor, agreed to oversee mostly indigent and Medicaid patients in satellite prenatal clinics operated by the defendant St. Mary's Hospital of Brooklyn (hereinafter St. Mary's) during a time when Medicaid and other governmental reimbursement for such services was relatively minimal. In his complaint, the plaintiff alleges, *inter alia*, that when Medicaid and other governmental reimbursement for such services was increased, the defendants Dr. Bernard Sicuranza and Dr. Madeleine Lamarque, two doctors affiliated with St. Mary's, began a campaign both to divert the plaintiff's patients to their care and to discredit his professional competence. On appeal, the defendants argue that the court erred in denying their motion to dismiss the plaintiff's first, second, third, sixth, and seventh causes of action.

A motion to dismiss a cause of action is properly denied if, upon any reasonable view of the facts alleged in the complaint, the plaintiff would be entitled to recovery *(see, 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506). Here, applying this standard, we find that all but one of the defendants' arguments lack merit.

The first two causes of action of the plaintiff's complaint seek to recover damages for breach of medical staff bylaws and intentional interference with contractual relations. Inasmuch as the allegations in the first cause of action related to issues such as the right to a fair hearing, notice, and other rights under medical staff or hospital bylaws which are specifically enumerated in the complaint, the Supreme Court properly denied the defendants' motion to dismiss (see, e.g., *Johnson v Nyack Hosp.*, 964 F2d 116, 121; *Gelbard v Genesee Hosp.*, 211 AD2d 159, *lv granted* 86 NY2d 705; *Giannelli v St. Vincent's Hosp. & Med. Ctr.*, 160 AD2d 227, 232; *Matter of Murphy v St. Agnes Hosp.*, 107 AD2d 685). Further, contrary to the defendants' claim, since the plaintiff does not seek the reinstatement or enlargement of any privileges, he was not required to present his claim to the Public Health Commission in the first instance (see, Public Health Law § 2801-b; *Gelbard v Genesee Hosp., supra*). The allegations in the second cause of action sufficiently stated a claim for intentional interference with contractual relations (see, *Saha v Record*, 177 AD2d 763; *compare, Giannelli v St. Vincent's Hosp. & Med. Ctr., supra,* at 232-233).

The third cause of action for defamation met the specificity requirement of CPLR 3016 (a) and sufficiently met the publication requirement (see, CPLR 3016 [a]; *see also, WFB Telecommunications v NYNEX Corp.*, 188 AD2d 257, 258-259; *Saha v Record, supra,* at 766; *Stich v Oakdale Dental Ctr.*, 120 AD2d 794, 796; *Sassower v Finnerty*, 96 AD2d 585, 587; *compare, Seltzer v Fields*, 20 AD2d 60, 64, *affd* 14 NY2d 624). In the complaint, the plaintiff quoted statements which impugned his professional ability and alleged that the statements were made to other staff members, patients, and potential patients. In response to the defendants' motion to dismiss, the plaintiff appended documents which contained the alleged defamatory statements and indicated the people to whom they were published. Moreover, based on, *inter alia*, the alleged circumstances surrounding the utterance and/or publication of the allegedly defamatory statements, the Supreme Court properly denied the motion to dismiss this cause of action on the grounds of absolute or qualified privilege (see, *Loughry v Lincoln First Bank*, 67 NY2d 369, 376; *Mihalakis v Committee of Interns & Residents*, 162 AD2d 371, 372; *Petrus v Smith*, 91 AD2d 1190, 1191; *compare, Bassim v Howlett*, 191 AD2d 760).

The court did not err in denying the branch of the defendants' motion which was to dismiss the plaintiff's sixth cause of action for prima facie tort. Although the complaint does al-

lege that the defendant doctors were motivated, at least in part, by the business purpose of obtaining fees from the plaintiff's patients, thereby arguably vitiating the "disinterested malevolence" requirement for prima facie tort *(see, Freihofer v Hearst Corp.,* 65 NY2d 135; *WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257, *supra),* pleadings are expressly permitted to be in the alternative *(see,* CPLR 3014, 3017). Here, various other allegations in the complaint are sufficient to support a claim that the actions alleged were undertaken with a "disinterested malevolence".

The Supreme Court erred, however, in failing to grant the branch of the defendant's motion which was to dismiss the seventh cause of action to recover damages for intentional and/or negligent infliction of emotional distress. The conduct complained of was not so outrageous in character and extreme in degree that it surpassed the limits of decency and would be regarded as atrocious and utterly intolerable in a civilized society *(see, Fischer v Maloney,* 43 NY2d 553; *Ruggiero v Contemporary Shells,* 160 AD2d 986; *Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169).

We have examined all of the parties' remaining contentions and find them to be without merit. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.