■ JEFFREY FALK, Respondent-Appellant, v ANESTHESIA ASSOCIATES OF JAMAICA, Defendant, and ANTONIETTA MORISCO et

Plaintiff, a medical doctor practicing as an anesthesiologist, became a member of Anesthesia Associates of Jamaica, a partnership which exclusively provided anesthesia services at Jamaica Hospital, in September 1991. He was granted hospital privileges as an Attending Anesthesiologist at Jamaica pursuant to the agreement between Anesthesia Associates and Jamaica. Thereafter, in 1993, plaintiff was terminated from Anesthesia Associates and his hospital privileges were terminated by Jamaica Hospital. Defendant Morisco was Chairperson of the Department of Anesthesia at the time and defendant Rosen was President of Jamaica Hospital. Pursuant to the by-laws of the Hospital, plaintiff requested and received a hearing before an Ad Hoc Committee of the Medical Board. After the hearing, the Committee made factual findings and recommended that plaintiff be reinstated with temporary privileges for a year with quarterly reviews by his superiors and peers. Jamaica Hospital adhered, however, to its original termination of privileges and plaintiff was given notice of this decision and his right to appeal to the Appellate Review Committee. A prior complaint was dismissed, except against Anesthesia Associates, on the ground of failure to exhaust administrative remedies. The Review Committee found that there had been "substantial evidence" of full compliance with the by-laws in the termination of plaintiff's hospital privileges, and that plaintiff had intentionally concealed the fact that he had been excluded as a Medicaid provider by the State Department of Social Services for a two year period, had taken an unauthorized and unexplained leave of one week, and was of unfit character. The Board of Trustees accepted the Panel's recommendation and Jamaica Hospital formally terminated plaintiff's privileges on the above grounds and upon the Department Chair's negative evaluation of him. The first cause of action in the proposed amended complaint alleges a claim against the

partnership Anesthesia Associates and three of the partners for breach of contract. The second cause of action claims tortious interference by defendants Rosen and Morisco with plaintiff's contract with Anesthesia Associates and Jamaica Hospital. The third cause of action alleges a claim for damages against the Hospital based on its violation of the Hospital by-laws and tortious interference with contractual relations. The fourth cause of action, after alleging an extensive fact pattern, alleges a prima facie tort. The fifth cause of action sounds in defamation against the individual defendants based on their statements to the Ad Hoc Committee that plaintiff "was not a team player" and was a "troublemaker" and that his absence and the resentment other staffers felt toward him were disrupting operations. The sixth cause of action alleges a claim for intentional infliction of emotional distress. The IAS Court dismissed the fourth, fifth and sixth causes of action in the proposed amended complaint but upheld the second and third causes of action. The actions taken with respect to the first and sixth causes of action are not in issue on this appeal.

The fourth cause of action, for prima facie tort, was properly dismissed by the IAS Court because of the failure by plaintiff to allege special damages, as required (*see, Curiano v Suozzi*, 63 NY2d 113). The fifth cause of action, for defamation, was also properly dismissed. As noted by the IAS Court, the statements were divisible into three separate categories. The first and largest group, which included the characterizations made of plaintiff that he was a "troublemaker" or "not a team player", constituted non-actionable opinion (*see, 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139-140, *cert denied* 508 US 910). The second group consisted of statements that were factual in nature, such as whether plaintiff was a salaried employee of the partnership. The statements were not defamatory at all, especially since made in the context of the Ad Hoc Committee hearing. Finally, the third group consisted of statements of a factual nature which *may* be susceptible of a defamatory meaning, but would not constitute defamation without reference to extrinsic data. Consequently, these statements did not constitute slander per se and were not actionable without a showing of special damages which plaintiff did not adequately allege (*see, Aronson v Wiersma*, 65 NY2d 592, 594-595). Loss of income and benefits would not be sufficient (*supra*).

The defendants' assertion that the second and third causes of action for tortious interference with contract are inadequately pleaded is, for the most part, without merit. Initially, the elements of tortious interference with contract do not

include the necessity of extreme or outrageous conduct on the part of defendants. The essential elements of such a cause of action are the existence of an agreement, the alleged tortfeasor's knowledge of the agreement, the intentional and unjustifiable interference with the agreement and resulting damages (*Bogoni v Friedlander*, 197 AD2d 281, 286), which were adequately pleaded by plaintiff. The contention by defendants that an organization's by-laws cannot form the terms of an enforceable agreement is without merit (*see, Ballas v McKiernan*, 41 AD2d 131, 133, *affd* 35 NY2d 14, *cert denied* 419 US 1034). Further, the IAS Court properly rejected defendants' assertion that the Public Health Law necessarily precludes plaintiff's claims for damages. Public Health Law § 2801-b establishes an administrative procedure for a doctor obtaining review of hospital privileges and section 2801-c provides a mechanism to seek injunctive relief. Defendants' contention that the injunctive relief provided by section 2801-c is the exclusive relief available is belied by the express provision of section 2801-b (4) that "[t]he provisions of this section shall not be deemed to impair or affect any other right or remedy."

Plaintiff's treatment of the by-laws as a contract is consistent with *Giannelli v St. Vincent's Hosp. & Med. Ctr.* (160 AD2d 227). *Giannelli* was not an aberration as contended by defendants (*see, Chime v Sicuranza*, 221 AD2d 401, 402 [and cases cited therein]). Thus, claims based on by-law or contract are not precluded in cases of denial of hospital privileges covered by Public Health Law § 2801-b. While that section of the Public Health Law bars common law claims of wrongful or improper denial of any privileges which would be governed by the statute, simple claims of breach of contract which focus exclusively upon the breach of contract or by-laws, and not on the termination, are still viable (*see, Chuz v St. Vincent's Hosp.*, 186 AD2d 450, 451; *Matter of Shapiro v Central Gen. Hosp.*, 181 AD2d 896, 896-897). The common law remedies pre-date the Public Health Law provisions, which were enacted to broaden the remedies of an excluded doctor. Therefore, if the wrong claimed is a breach of contract or failure to comply with by-laws, then the cause of action would be viable since the propriety of the termination procedure in light of the Public Health Law is not in issue. Thus, this Court previously noted that "claims based on the denial of hospital privileges [are] * * * barred by Public Health Law §§ 2801-b and 2801-c, which limit an aggrieved physician to injunctive relief and bar him from maintaining an action for damages", but "medical staff by-laws may form the basis of a claim for breach of contract or intentional interference with contractual relations indepen-

dent of any claim arising under the Public Health Law" (*Chuz v St. Vincent's Hosp., supra,* at 451).

However, if the true nature of the claim is the wrongfulness of the termination, and claims of contract or by-law breach are secondary, then the claims are barred (*Gelbard v Genesee Hosp.,* 211 AD2d 159, 164, *affd* 87 NY2d 691). "Were plaintiff permitted to bypass threshold PHC review simply by asserting a breach of contract claim, the carefully calibrated statutory progression within section 2801-b, with its insistence on PHC review before a court can order the restoration of staff privileges, would be undermined" (*supra,* at 697). Defendants' contention that this is such an action is correct. While plaintiff alleges that certain by-laws regarding documentation and written requests for corrective action and certain aspects of the Anesthesia Associates partnership agreement were not followed, it is clear that this is not alleged to have been the proximate cause of plaintiff's damages. Those damages are based on allegations of lost past and future income, lost economic opportunities and other intangibles. These vaguely alleged damages can only be associated with the termination of plaintiff's privileges at Jamaica Hospital and not *directly* with breaches of contract or by-laws. Plaintiff attempts to disguise a wrongful termination of hospital privileges action, which cannot be the basis of a common law claim independent of Public Health Law §§ 2801-b and 2801-c, as an action sounding in contract and common law tort. The plaintiff will not be allowed to use "substitute nomenclature or causes" to rescue his wrongful termination causes of action (*Ingle v Glamore Motor Sales,* 73 NY2d 183, 188). Concur—Rosenberger, J. P., Rubin, Nardelli and Tom, JJ.