■ BERNARD GELBARD, Appellant-Respondent, v GENESEE HOSPITAL, Respondent, and A. KIRK BODARY, Respondent-Appellant. [680 NYS2d 358] —Appeal from order insofar as it dismissed without prejudice the defamation cause of action and cross appeal unanimously dismissed and order affirmed without costs. Memorandum: In this action, plaintiff seeks damages for breach of contract against defendant The Genesee Hospital (Hospital) and for defamation and intentional interference with his contractual relations with the Hospital against defendant A. Kirk Bodary, M.D., arising from the Hospital's termination of his staff privileges. Plaintiff contends that Supreme Court erred in granting defendants' motion for summary judgment dismissing the causes of action for breach of contract and intentional interference with contractual relations and in dismissing his defamation cause of action without prejudice to replead it. We disagree.

Plaintiff's appeal from that part of the order dismissing without prejudice the defamation cause of action is moot because plaintiff has filed an amended complaint. Furthermore,

the cross appeal of Bodary based on the court's failure to grant him summary judgment on the defamation cause of action must be dismissed. Bodary moved in the alternative for summary judgment dismissing that cause of action and for dismissal of that cause of action for failure to state a cause of action, and the court granted the latter part of the relief requested. Thus, Bodary is not aggrieved (*see,* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488; *Matter of Brown v Starkweather,* 197 AD2d 840, 841, *lv denied* 82 NY2d 653).

The court properly granted defendants' motion for summary judgment with respect to the remaining causes of action. The record establishes that the termination of plaintiff's staff privileges resulted from defendants' professional review actions within the meaning of the United States Health Care Quality Improvement Act ([HCQIA] 42 USC § 11101 *et seq.; see, Mathews v Lancaster Gen. Hosp.,* 87 F3d 624, 635; *Bryan v James E. Holmes Regional Med. Ctr.,* 33 F3d 1318, 1335, *cert denied* 514 US 1019; *Austin v McNamara,* 979 F2d 728, 734-735). Congress enacted HCQIA to provide for more effective peer review and monitoring of physicians and to protect those participating in peer review activities from claims for damages (*see,* 42 USC § 11101). Under HCQIA, where a professional review action meets certain enunciated standards, none of those participating in the action may be held liable for damages for that action under the laws of the United States or of any State (*see,* 42 USC § 11111). Section 11112 (a) sets forth the standards to be met in order to receive that statutory immunity, as follows:

"For purposes of the protection set forth in section 11111 (a) of this title, a professional review action must be taken—

"(1) in the reasonable belief that the action was in the furtherance of quality health care,

"(2) after a reasonable effort to obtain the facts of the matter,

"(3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and

"(4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3).

"A professional review action shall be presumed to have met the preceding standards necessary for the protection set out in section 11111 (a) of this title unless the presumption is rebutted by a preponderance of the evidence."

In order to determine whether defendants acted with a reasonable belief that their action was in the furtherance of quality health care and was warranted by the facts, the court must apply an objective test, i.e., whether there was a sufficient basis for defendants' actions under the totality of the circumstances (*see, Mathews v Lancaster Gen. Hosp., supra*, at 635). The court must not substitute its judgment for that of the Hospital or re-weigh the evidence regarding the termination of plaintiff's staff privileges. Rather, the court must consider whether plaintiff's privileges were terminated "in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the [adequate notice and hearing] requirement[s]" (42 USC § 11112 [a] [4]; *see, Bryan v Holmes Regional Med. Ctr., supra*, at 1337).

Defendants' professional review action met the standards for immunity set forth in HCQIA (*see,* 42 USC § 11112 [a]), and therefore defendants are entitled to immunity from damages. Defendants thoroughly investigated the claims against plaintiff and established committees to obtain the facts. Additionally, they provided plaintiff with adequate notice of the charges against him and a full opportunity to prepare a defense to those charges, and they afforded plaintiff a hearing on those charges. Moreover, the record supports the conclusion that the termination of plaintiff's staff privileges was in the furtherance of quality health care and that the action was warranted.

Plaintiff's contention that Bodary acted in bad faith fails to rebut the statutory presumption under HCQIA because subjective bad faith is irrelevant under 42 USC § 11112 (a) (*see, Mathews v Lancaster Gen. Hosp., supra*, at 635). Furthermore, the affidavit of plaintiff's expert asserting that plaintiff provided appropriate patient care does not overcome the statutory presumption because that evidence was not presented to defendants during the professional review process (*see, Mathews v Lancaster Gen. Hosp., supra*, at 638). Moreover, because plaintiff failed to avail himself of the grievance process provided in Public Health Law § 2801-b to contest the propriety of his termination, he has waived his right to contend that there is no reasonable basis for defendants' action (*see generally, Schwartz v Society of N. Y. Hosp.*, 199 AD2d 129, 131).

Additionally, plaintiff's breach of contract cause of action was properly dismissed because, as the court properly found, the Hospital substantially followed its by-laws in terminating plaintiff's staff privileges. Moreover, although plaintiff claims that the Hospital violated its by-laws, this cause of action is

based on his alleged wrongful termination. Indeed, plaintiff seeks damages for past and future lost income arising from his termination. Because plaintiff failed to avail himself of Public Health Law § 2801-b to challenge his termination, he is barred from using substitute causes of action, i.e., breach of contract, defamation or intentional interference with contractual relations, to save his wrongful termination claim (*see, Falk v Anesthesia Assocs.*, 228 AD2d 326, 330, *lv dismissed* 89 NY2d 916, *rearg dismissed* 89 NY2d 1031, 1070, 90 NY2d 889; *see also, Solomon v Beth Israel Med. Ctr.*, 248 AD2d 118, *lv dismissed in part and denied in part* 92 NY2d 874). Indeed, the injunctive relief in Public Health Law § 2801-c provides the exclusive remedy for plaintiff to challenge the propriety of the Hospital's termination of his staff privileges (*see, Harris v Eisenberg*, 199 AD2d 305, 307; *Farooq v Fillmore Hosp.*, 172 AD2d 1063; *Dolgin v Mercy Hosp.*, 127 AD2d 557).

The cause of action for intentional interference with contractual relations against Bodary was also properly dismissed on the additional ground that Bodary was an agent of the Hospital (*see, Tri-Delta Aggregates v Goodell*, 188 AD2d 1051, *lv denied* 82 NY2d 653; *Giannelli v St. Vincent's Hosp. & Med. Ctr.*, 160 AD2d 227, 232). Whether Bodary was acting in good faith is of no consequence because there is no evidence that Bodary caused the Hospital to breach its by-laws. (Appeals from Order of Supreme Court, Monroe County, Polito, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.