◼ HERBERT WASSERMAN, Appellant, v MAIMONIDES MEDICAL CENTER et al., Respondents. [702 NYS2d 88] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff, Herbert Wasserman, appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated August 21, 1998, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a surgeon, performed surgery on a patient at the defendant Maimonides Medical Center (hereinafter Maimonides). During the surgery, the patient's only kidney was lacerated, resulting in a second operation hours later to remove it. The patient died several days later. The morbidity and mortality committee of Maimonides and the surgical department peer review committee evaluated the treatment provided by the plaintiff, and concluded that it met the Maimonides standard of care. At the request of the defendant Joseph Cunningham, the chief of surgery, a second departmental peer review committee evaluated the treatment rendered due to inconsistencies between the initial peer review findings and the patient's medical records, and concluded that it was questionable if the Maimonides standard of care was met. The plaintiff was suspended for two weeks and his hospital privileges were reduced. Alleging that Maimonides breached its medical staff by-laws, the plaintiff commenced this action to recover damages for breach of contract, injurious falsehood, and intentional infliction of emotional distress.

We disagree with the defendants that the causes of action to recover damages for breach of contract must be dismissed due to the plaintiff's failure to comply with Public Health Law §§ 2801-b and 2801-c. Since the plaintiff sought only monetary damages, and not to have his suspension lifted or his privileges reinstated, he was not required to present his claim to the Public Health Commission in the first instance (*see, Chime v Sicuranza*, 221 AD2d 401). In any event, since the plaintiff was advised of the reasons for the suspension and the reduction in privileges, and because the reasons were related to "standards of patient care, patient welfare, the objectives of the institution [and the plaintiff's] competency" (Public Health Law § 2801-b [1]), there was no basis to turn to the Public Health Commission for relief (*see, Matter of Libby*, 163 AD2d 388; *Matter of*

*Murphy v St. Agnes Hosp.,* 107 AD2d 685). Nevertheless, the causes of action alleging breach of contract were properly dismissed, since they are not based upon the violation of a specific by-law, but rather upon the defendants' alleged failure to act in good faith (*see, Saha v Record,* 177 AD2d 763; *Farooq v Millard Fillmore Hosp.,* 172 AD2d 1063; *Dolgin v Mercy Hosp.,* 127 AD2d 557).

The cause of action alleging injurious falsehood was properly dismissed because the plaintiff failed to allege special damages with sufficient particularity (*see, Drug Research Corp. v Curtis Publ. Co.,* 7 NY2d 435, 441; *DiSanto v Forsyth,* 258 AD2d 497; *Nyack Hosp. v Empire Blue Cross & Blue Shield,* 253 AD2d 743; *Camarda v Vanderbilt,* 147 AD2d 607; *L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 371).

The remaining cause of action alleging intentional infliction of emotional distress was also properly dismissed because the conduct complained of did not rise to the level of outrageous conduct needed to support such a cause of action (*see, Howell v New York Post Co.,* 81 NY2d 115, 121; *Freihofer v Hearst Corp.,* 65 NY2d 135, 143; *Vasilopoulos v Romano,* 228 AD2d 669; *Andrews v Bruk,* 220 AD2d 376). Santucci, J. P., Sullivan, Florio and Schmidt, JJ., concur.