SAMUEL SHATKIN, D.D.S., M.D., Respondent, v KALEIDA HEALTH, Appellant. [751 NYS2d 817] —Appeal from that part of

an order of Supreme Court, Erie County (Notaro, J.), entered March 12, 2002, that denied defendant's motion seeking dismissal of the complaint or, in the alternative, summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Defendant appeals from that part of an order that denied its motion seeking dismissal of the complaint or, in the alternative, seeking summary judgment dismissing the complaint. Supreme Court properly treated defendant's motion as one for summary judgment despite the fact that issue was not joined (*see* CPLR 3211 [c]) but erred in denying the motion. Defendant met its initial burden by establishing its entitlement to judgment as a matter of law, and plaintiff failed to raise an issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff commenced this action asserting claims for libel, fraud, intentional infliction of emotional distress, and intentional tort arising from defendant's denial of plaintiff's renewal application for medical staff privileges and defendant's filing of a report with the National Practitioner Data Bank. It is undisputed that plaintiff did not seek administrative review of defendant's denial of his renewal application as required by section 2801-b of the Public Health Law, and thus plaintiff cannot assert a claim for wrongful termination (*see Gelbard v Genesee Hosp.*, 255 AD2d 882, 883-884, *lv dismissed in part and denied in part* 93 NY2d 916). Plaintiff therefore is barred from using substitute claims to save his wrongful termination claim (*see id.* at 885). Consequently, we reverse the order insofar as appealed from, grant defendant's motion and dismiss the complaint. Present—Pigott, Jr., P.J., Green, Pine, Kehoe and Lawton, JJ.