■ Roger Mason, Respondent, v Central Suffolk Hospital et al., Appellants. [759 NYS2d 376] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 10, 2002, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff's causes of action to recover damages for breach of contract and tortious interference with contract are based on

the medical staff bylaws of the defendant Central Suffolk Hospital. While medical staff bylaws qualify as the foundation for such claims (*see Falk v Anesthesia Assoc. of Jamaica,* 228 AD2d 326, 329 [1996]; *Chuz v St. Vincent's Hosp.,* 186 AD2d 450, 451 [1992]; *Saha v Record,* 177 AD2d 763, 764 [1991]; *Giannelli v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 160 AD2d 227, 232 [1990]), the plaintiff was damaged by the revocation of his privilege to perform laparoscopic procedures, not by the alleged violation of one or more of the hospital's unspecified bylaws (*compare Wasserman v Maimonides Med. Ctr.,* 268 AD2d 425, 426 [2000], *and Chime v Sicuranza,* 221 AD2d 401, 402 [1995], *with Giordano v Victory Mem. Hosp.,* 273 AD2d 353, 354 [2000], *and Moallem v Jamaica Hosp.,* 264 AD2d 621, 622 [1999]). The bylaws give him no right to such privilege (*see Leider v Beth Israel Hosp. Assn.,* 11 NY2d 205, 208-209 [1962]; *Chuz v St. Vincent's Hosp., supra; Saha v Record, supra*).

In addition, no claim to recover damages at common law arises from a hospital's wrongful denial of staff privileges (*see Moallem v Jamaica Hosp., supra; Farooq v Fillmore Hosp.,* 172 AD2d 1063 [1991]). To remedy such a wrong, a physician is limited to an action for an injunction under Public Health Law § 2801-c (*see Moallem v Jamaica Hosp., supra; Falk v Anesthesia Assoc. of Jamaica, supra* at 329-330; *Chuz v St. Vincent's Hosp., supra; Farooq v Fillmore Hosp., supra; see also Gelbard v Genesee Hosp.,* 87 NY2d 691, 698 [1996]).

Thus, where the claim of a violation of the bylaws is secondary and the gravamen of the plaintiff's grievance is the suspension of his privileges, his causes of action alleging breach of contract and tortious interference with that contract are barred (*see Giordano v Victory Mem. Hosp., supra; Falk v Anesthesia Assoc. of Jamaica, supra*).

Accordingly, the Supreme Court should have granted the defendants' motion to dismiss the complaint. Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.